Bank v. Stewart.

[No. 1125, June 29, 1906.]

## THE FIRST NATIONAL BANK OF ROSWELL, Appellee, v. M. C. STEWART, Sheriff, Appellant.

### SYLLABUS.

1. A mortgage of a stock of merchandise kept for retail trade which provides that until condition broken, the mortgagor shall remain in possession of and "use and enjoy," the same, and which contains the further provision that if they "shall attempt to sell or remove the same without authority or permission * * * in writing expressed" of the mortgagee, the latter "may take immediate and full possession thereof" can not be held as a matter of law to authorize the mortgagors to make sales at will from such stock in the ordinary course of retail trade.

2. A provision in a mortgage of a stock of merchandise kept for retail trade that until condition broken, the mortgagor shall remain in possession and make sales from the stock in the ordinary course of retail trade, does not, as a matter of law, render the mortgage void as against a subsequent attaching or execution creditor, but is a fact to be considered in connection with other evidence bearing on the question of fraud.

Appeal from the district court of Eddy county, before WM. H. POPE, Associate Justice. Affirmed.

FREEMAN & CAMERON & FULLEN. for appellant.

Where the mortgagor remains in the possession of mortgaged goods which are in themselves perishable, either from natural causes or by virtue of the use to which they are put, such mortgage is void against attaching or execution creditors. That where such arrangement is provided in the instrument itself; that is to say, where it is provided in the mortgage that the mortgagor shall retain possession and use the goods as if they were his own, the instrument is void on its face, and the court as a matter of law will so declare, and that if such arrangement does not appear on the face of the instrument, but is proven to the satisfaction of the court or jury trying the case, the same result follows.

The same doctrine was announced in Butler v. Stoddard, 7 page 163.

But the supreme court of the United States has settled the question. We cite the case of

Robinson v. Elliott, U. S. Sup. Ct. Rep. bk. 22.

In the American editor's note to Twyne's case, Smith L. Cases, p. 52n, 7th Am. Ed., most of the cases in this country on the subject are collected and classified. See also,

Mittnacht v. Kelly, 3 Keyes 407; Yates v. Olmstead, 65 Barb. 43; Barnet v. Fergus, 51 Ill. 353; In re Manley, 2 Bond 261; in re Kahley, 2 Biss. 383, 11.

"But a mortgage of a stock of goods containing a provision authorizing the mortgagor to retain possession for the purpose of selling in the usual course of trade, and to use the money thus obtained to replenish his stock, is invalid, and the court can as a matter of law pronounce it void."

The whole question was settled by the supreme court of New Mexico in the case of

Spiegelberg, et al., v. Hersh, et al., 3 N. M. 185; Hangen v. Hochemeister, 114 N. Y. 566, 11 Am. St. Rep. 691; In Peiser v. Petticolas, 50 Texas 638, 32 Am. Rep. 621; Place v. Langworthy, 13 Wis. 629, 80 Am Dec. 758; Orton v. Orton, 7 Oregon 478, 33 Am. Rep. 717; Kline, et al., v. Citizens Company, 20 Ohio St. 110, 5 Am. Rep. 630; In Ranlett v. Blodgett, 17 N. H. 298, 43 Am. Dec. 603; Johnson's Assignee v. Peterson's Assignee, 2 Woods 443; Bank v. Hunt, 11 Wall. 391.

RICHARDSON, REID & HERVEY, for appellee.

The Compiled Laws of New Mexico, 1897, Sec. 2360, provides that personal property of every description is subject to mortgage. The only exception being that growing crops shall not be subject to mortgage. This statute, of course, allows the mortgaging of a stock of merchandise. Under the law and the evidence before the court

Bank v. Stewart.

we submit that there is nothing before the court · from which fraud may be presumed or held as proven. To hold that a merchant cannot mortgage his goods without closing his doors would be to hold that no mortgage of merchandise can be made at all."

Gay v. Bidwell, 7 Mich. 519.

"If the mortgagee allows the mortgagor, who is a merchant or manufacturer, to remain in possession and sell the property in the usual course of trade, the mortgagor will be considered as acting as the agent of the mortgagee and receiving the money for him; but it will be different if the stock is sold otherwise than in the usual course of business."

> Miller v. Pancoast, 5 Dutch (N. J.) 250; Clark v. Symann, 55 Iowa 14; Hughes v. Corey, 20 Iowa 399; Gardner v. McEwen, 10 N. Y. 126; Peabody v. Landon (Vt.) 15 Am. St. R. 903 and Notes; Banks v. Bates, 120 U. S. 501; Ethridge v. Sperry 139 U. S. 266; Huntley v. Kingman, 152 U. S. 533.

Neither are the cases in re Manley, 2 Bond 265; In re Kahley, 2 Biss. 383; Hangen v. Hochemeister, 114 N. Y. 566; Peisre v. Petticolas, 50 Texas 683; Place v. Langworthy, 13 Wis., 629; Orton v. Orton, 7 Oregon 478; Johnson's Assignee v. Peterson's Assignee, 2 Woods, 443, in point as the essential element on which these decisions are based is that by the terms of the mortgage the mortgagor should remain in possession of the chattels and have power to sell them; whereas, in the mortgage now before the court there is an express provision that if the mortgagor "should attempt to sell or remove the same (goods) without authority or permission * * * in writing expressed" the bank could take possession of the goods, etc.

"Where the court sits as a jury, the same rules will be applied to a review of the findings as would be in a case of a verdict by a jury. The supreme court will not disturb the verdict of a jury where there is any substantial evidence to support it."

> Torlina v. Trorlicht, 5 N. M. 148; Citing Crolot v. Maloy, 2 N. M. 198; Vasquez v. Spiegelberg, 1 N. M. 465; Waldo v. Beckwith,

1 N. M. 197; Archibeque v. Miera, 1 N. M. 160; Ruhe v. Abreu, 1 N. M. 247.

To the same effect is the case of

Field v. Romero, 7 N. M. 630; Givins v. Veeder, 9 N. M. 256; Colman v. Romero, 11 N. M. 533; Freeman on Executions, p. 479.

## STATEMENT OF FACTS.

The firm of Clark Brothers, doing a general retail merchandise business in Artesia, Eddy County, New Mexico, was indebted to the Tootle Wheeler & Motter Company, a corporation, for a balance due for goods sold and delivered to them in the ordinary course of business, between April 24, 1903, and January 23, 1904. Judgment for said balance was procured in the district court for said county. Execution was issued, and, under it, a levy was made on a sufficient quantity of the stock of merchandise of Clark Brothers to satisfy said judgment and costs, and the sheriff of the county, who is the appellant, advertised the goods so seized by him for sale. Thereupon the appellee, the First National Bank of Roswell, brought an action of replevin against the appellant, to recover said goods, which it claimed under a mortgage to it from Clark Brothers dated July 1, 1903, duly executed and recorded. The defendant denied the right of plaintiff in replevin to hold the goods in question against the execution under which he had possession of them, on the ground that the mortgage to it was fraudulent and void as to the execution creditors.

The case was tried by the court, without a jury, and judgment was rendered for the plaintiff, the court finding that "the mortgage in question was not void as to the judgment creditors" on whose behalf the sheriff was acting. The case is before this court on appeal from that judgment.

## OPINION OF THE COURT.

ABBOTT, J.—The appellant says that the mortgage from Clark Brothers to the appellee, under which it claims title and possession, is fraudulent and void as a matter of law, and on its face, as against the execution

under which he seized the goods in controversy. This contention rests on his construction of this clause in the mortgage: "Provided, further, That until default be made by the said parties of the first part in the performance of the conditions aforesaid it shall and may be lawful for them to retain possession of the said goods and chattels and to use and enjoy the same." To "use and enjoy" he claims, as applied to a stock of general merchandise kept for retail trade, must mean the sale of it in the ordinary course of business. It is probable that the mortgage was prepared by filling out a blank form in which those words were printed, as they are commonly used in such blanks, and it is not unlikely that no special significance was attached to them. The same must be said of the clause in the mortgage forbidding the sale or removal of the mortgaged property without the written permission of the mortgagee. Nevertheless they must be taken as they stand and construed with the other paragraph named. The phrase "to use and enjoy" can not be held to have necessarily the meaning attributed to it by the appellant, especially as it appears that besides the stock of merchandise, three horses were included in the mortgage to which the phrase "to use and enjoy" would apply, without carrying even a suggestion that they must be sold in order to their use and enjoyment. The appellant further claims that even if the mortgage did not in terms provide that the mortgagors should retain possession of the stock of merchandise and make sales from it in the ordinary course of retail trade, as they would have done if no mortgage had been given, yet if such an arrangement between the parties was proven to the satisfaction of the court or jury trying the cause the mortgage is void as against the execution in question. The only evidence of such arrangement or actual selling by the mortgagors was that of the appellant, who testified that on the occasion when he took possession of the goods in question under the execution above named, Clark Brothers appeared to be making sales from their stock, in the ordinary course of trade. There was, however, no evidence that this was known to the appellee. It does not, therefore, appear from the evidence reported that the mortgage in

question on its face, or by the construction of the parties to it, permitted the sale of the mortgaged goods by the mortgagors, without the consent in writing by the mortgagees, or that such a consent was given, and the court below was warranted in holding that the mortgage was not void as against the execution on which the mortgaged property was seized. The record does not show whether the finding of the district court was one of fact or of law, and as the question of law involved is one of great importance to the business interests of the Territory, and was ably briefed and argued by counsel, we treat it as essential to the disposition of the case at bar. Assuming for that purpose that the right to make sales in the ordinary course of business from the stock of merchandise mortgaged was distinctly given, was that in and of itself sufficient to render the mortgage fraudulent and void, as a matter of law against attaching or execution creditors of the mortgagors? This question is one on which the courts of last resort in this country are hopelessly divided, and there are accordingly decisions by courts of the highest standing on each side. It would be useless for us to attempt to reconcile the conflicting decisions on the subject. We can not hope to do more than adopt, for this jurisdiction that view of the law which is best supported by reason. The appellant insists that the question has already been settled for this court by Spiegelberg et al., v. Hersch, et al., 3 N. M. 135, following Robinson v. Elliott, 22 Wall. 513. It is true, of course, that previous decisions of this court are not to be disregarded, and that the decisions of the supreme court of the United States are of peculiar and most weighty significance to this court. But in each of the cases referred to, the court, while in effect declaring the mortgage then under consideration void in law, went far afield in search of facts on which to base the decision. There was abundant evidence in each case cited by the court, aside from the provisions under consideration to warrant a finding of fraud in fact, and indeed, except that the appellate court, in each instance, as the necessities of the situation required, called its conclusion one of law, there is little to distinguish the decision from the verdict which

a jury might properly have rendered on the evidence recited.

But, even if it be granted that the rule of law contended for by the appellant was distinctly adopted in the two cases named, we think it has been so far worn away by the current of later decisions as to leave little if any more than that such a provision as the one in question is admissible as evidence of fraud, to be considered in connection with all the other evidence bearing on that point. To hold that such a provision of itself renders void the mortgage in which it occurs, no matter how fair and ample the consideration may have been would be to declare in effect that a stock of merchandise intended for retail trade, cannot be used as security for a loan, or for the purchase of necessary additions to it, except by first making an end of the sale for which alone the owner obtained it and on which its value chiefly depends.

It is true that such a provision as we are considering may be and often is made the cover of fraud, but on the other hand it may be used in perfect good faith and with beneficial results to all concerned. "The fact that fraudulent relations are possible is hardly a sufficient reason for denouncing relations which are not fraudulent. So if the question were open, or a new one, unaffected by any settled law of the state, we incline to the opinion that the question is not one of law, but one of fact and good faith," "and that the decision of the supreme court of Iowa rests on sound principles." Brewer, J., in Etheridge v. Sperry, 139, U. S., 266. This case is approved in Huntley v. Kingman, 152 U. S., 527, 535. These cases, with Gay v. Bidwell 7 Mich. 519, Clark v. Hyman, 55 Iowa, 14, and numerous others which might be cited, well support the conclusion stated in Jones on Chattel Mortgages, Sec. 425, 435: "That the doctrine of absolute fraud arising in a mortgage of merchandise, from the mortgagors retaining possession, with the power of disposal in the usual course of trade, is not supported by any preponderance of authority, that it is contrary to sound principles of jurisprudence, * * * that the qualifications of the doctrine made by leading courts, have, in a large measure destroyed its force, and are indicative

that these courts themselves wish to be rid of the whole of it."

Whether under a mortgage of a stock of merchandise, articles added to it by the mortgagor, after the mortgage went into effect, can be recovered by the mortgagee from a subsequent attaching creditor, actually in possession, we do not decide, as the question was not raised in the trial court, and was only casually referred to in one of the briefs submitted to this court. Judgment affirmed.

William J. Mills, C. J., Edward A. Mann, A. J., Frank W. Parker, A. J., John R. McFie, A. J., concur.