Eagle Mining Co. v. Lund.

[No. 1197, February 25th, 1908.]

EAGLE MINING & IMPROVEMENT COMPANY, et als, Plaintiffs in Error, v. ROBERT E. LUND, Defendant in Error.

### SYLLABUS (BY THE COURT).

One who holds a draft made payable to himself, may maintain an action thereon in his own name, against the acceptor of such draft, even if he has no beneficial interest in the proceeds.

Error to the District Court for Chaves County, before WILLIAM H. POPE, Associate Justice. Affirmed.

GEORGE W. PRICHARD, for Plaintiffs in Error.

The defendant has the right to state new matter as a defense, showing that the plaintiff is not the real party in interest; and to prove by the evidence that such is the fact. Stewart v. Price, 67 Pac. Rep. 554; Bostwick v. Bryant, 113 Ind. 448-459; Eaton v. Alger, 57 Barber 179; Philips Code Pleadings, sec. 383; 23 Am. Enc. of Law 932; Shaffer v. Browning, 42 Ind. 89, 90; Smith v. Hall, 67 N. Y. 48; Wetmore v. San Francisco, 44 Cal. 294; Pomeroy's Code Pleadings, 4 ed. 77; 1 Enc. P. & P. 817 and note; Bliss Code Pleading, sec. 56; Estee's Pleadings, sec. 1048; Hoagland v. Van Eaton, 22 Neb. 681; 15 Enc. P. & P. 710, 712; Gerby v. Saxon, 48 Ala. 311; Parker v. Totlin, 10 How. N. Y. Sup. Ct. 223; Osborne v. McClellan, 43 Ohio St. 284; Swift v. Ellsworth, 10 Ind. 205; Nanson v. Jacob, 93 Mo. 331; Police Justice v. Kent Supervisors, 38 Mich. 421; Rawlings v. Fuller, 31 Ind. 255; Redfield v. Middleton, 7 Bosw. N. Y. 649; Compiled Laws, 1897, sec. 2685, sub-secs. 2, 3.

Express trusts are generally created by instruments that point out directly and expressly the property, persons or purposes of the trust. The trustee of an express trust cannot sue in his own name simply, but is required by law to sue in his representative capacity for the real party in interest. Perry on Trusts, sec. 24; Robbins v. Deserill, 20 Wis.; Bliss on Code Pleadings, sec. 54; Considerant v. Brisbane, 22 N. Y. 389; Weaver v. Wabash, etc. Canal,

28 Ind. 112; Estee's Pleading, sec. 214; Rawlings v. Fuller, 31 Ind. 255; Freeman v. Fulton Fire Insurance Co., 14 Abb. Pr. 407; 15 Enc. P. & P. 480 and cases cited in foot note.

R. E. LUND, for Defendant in Error.

The acceptor of a bill of exchange cannot be heard to deny the right of the payee therein named, who is the holder of the bill, to bring the action in his own name. Felch v. Beaudry, 40 Cal. 440; Carter v. Southern Railway Co., 111 Ga. 38, 36 S. E. 308.

A trustee of an express trust may sue in his own name without joining with him the person for whose benefit the suit is prosecuted. Compiled Laws, 1897, sec. 2685, subsec. 3; Phillipson Code Pleading, sec. 451, p. 479; 1 Estee's Pleading, sec. 352; Bliss Code Pleading, sec. 57; 2 Daniel Nego. Ins., secs. 1181, 1185, 1187; Scantlin v. Allison, 12 Kas. 73 (85); Rice v. Savery, 22 Iowa 470; Winters W. M. Agt. v. Rush Hiram, 34 Cal. 136; Ord v. McKee, 5 Cal. 515; Wright as Trustee v. Tinsley et al, 30 Mo. 389; Nicholay J. v. Fritschle J., 40 Mo. 67; also Syl. 5, 44 Mo. 29, 30; Considerant v. Brisbane, 22 N. Y. 389; Albany and Rensselaer Iron & Steel Co. v Gustav Lundberg, 121 U. S. 451, 30 L. E. 982, Syl. 1.

### OPINION OF THE COURT.

MILLS, C. J.—The complaint in this case was filed in the District Court of Chaves County, on July 16th, 1906. The action was based upon a draft or order which reads as follows, to-wit:

"White Oaks, New Mexico, Sept. 26, 1901.
John M. Rice, Esq., and

The Eagle Mining & Improvement Company.
Sirs:

I do hereby authorize and request you or either of you, in person or by representative to pay to R. E. Lund, 'Attorney at Law, out of the purchase price payable for those certain mining claims sold you, the sum of Seven Thousand and seventy-seven dollars, ($7077.), in discharge of those judgments and other demands which he holds against me and the said properties, as per statement exhibited to

me, with interest thereon from and after the first day of October, A. D., 1901, if not then paid; and the production by you of this draft, duly receipted by said ·R. E. Lund, shall be accepted as full evidence of such payment to me and oblige.              Yours Truly,

MINOR D. GAYLORD."

"Accepted." John M. Rice, Manager.

Eagle Mining & Improvement Company."

The complaint alleged that the draft or order was presented for payment at maturity and many times thereafter, but that neither it, nor any part of it, has ever been paid.

After a number of demurrers, motions to strike out, and other dilatory pleas had been filed and argued, which it will not be necessary for us to consider, the defendant, The Eagle Mining · & Improvement Company, filed an amended answer, containing six paragraphs, the last of which is the only one which it will be necessary for us to consider.   This paragraph reads as follows,, to-wit:

"6. That the defendant, The Eagle Mining & Improvement Company for further answer avers that the said plaintiff Robert W. Lund, is not the real party in interest in this suit, and is without capacity to sue in this suit; that the said order was given to the said Lund by the said Gaylord, as the attorney of one E. C. Uebrick and others, on account of a judgment of the said Uebrick and others against the said Gaylord in the Lincoln District Court, Territory of New Mexico, and in which suit and judgment the said Lund was not a party and had no interest therein, except as the attorney of the said Uebrick and others."

To this paragraph of the amended answer the plaintiff demurred, and the court sustained the demurrer, and the case was tried by a jury which returned a verdict in favor of Lund.

As to whether or not the trial court committed error in sustaining the demurrer to paragraph 6 of the amended answer is the sole point involved in this case; for if we find that no error was committed in the sustaining of this demurrer, then there is no reversible error in the case, for the contention of the plaintiffs in error is, that

judgment should have been given in their favor for the reason that Lund was not the real party in interest, and therefore had no right to bring the suit in his own name.

This contention of the plaintiffs in error is based upon Sub-secs. 2 and 3 of Section 2685, Compiled Laws of 1897, which reads:

"Sub-sec. 2. Every action shall be presented in the name of the real party in interest, except as otherwise provided in the next succeeding section" and such succeeding section reads:—

"Sub-sec. 3. An executor or administrator, a trustee of an express trust, or a person expressly authorized by statute, may sue in his own name without joining with him the person for whose benefit the suit is prosecuted. A trustee of an express trust, within the meaning of this section, shall be construed to include a person with whom or in whose name a contract is made for the benefit of another."

Statutes substantially similar to Sub-sec. 2 of Section 2685, Compiled Laws of 1897, have often been before the courts of last resort in many of the States of the Union for interpretation and have also been commented upon by text writers, and a great preponderance of them hold, although there is some conflict—"that if the assignment, whether written or verbal of anything in action is absolute in its terms, so that by virtue thereof the apparent legal title vests in the assignee, any contemporaneous collateral agreement by which he is to receive a part only of the proceeds. and is to account to the assignor or other person for the residue, or even is to thus account for the whole proceeds, or by virtue of which the absolute transfer is made conditional upon the fact of recovery, or by which his title is in any other similar manner partial or conditional, does not render him any the less the real party in interest. He is entitled to sue in his own name, whatever collateral arrangements have been made between him and the assignor respecting the proceeds. The debtor is completely protected by the assignment, and cannot be exposed to a second action brought by any of the parties—either the assignor or others—to whom the assignee is bound to account. This

is the settled doctrine in most of the States. Pomeroy on Code Remedies, Sec. 70, and cases cited."

In 2nd Daniels on Negotiable Instruments, Sec. 1181, we find the rule laid down as follows:—

"Any holder of a bill or note who can trace a clear legal title to it, is entitled to sue on it in his own name, whether he possesses the beneficial interest in its contents or not."

New York was the first State in the Union to adopt a code of civil procedure, and is universally admitted to be the fountain head from which the codes of the several States have been taken. In the Code of that State there is a provision very similar to ours, that suits should be brought in the name of the real party in interest, and in a case before it the Court of Appeals of that State reversed an opinion reported in 57 Barb. 179, and said:—

"The evidence substantially established that the payee of the note (Clark) delivered it to the plaintiff upon his undertaking to collect it at his own expense, and to pay to Clark upon its collection $600.00 which was the original amount of the note prior to its renewal............ The note is transferred and delivered to the plaintiff under that contract, and in fulfillment of the contract he proceeds to its collection. The plaintiff is thus made the party in interest, within the meaning of the code, so as to enable him to maintain this action." Eaton v. Alger, 47 N. Y. Appeals 345.

Quite a complete discussion of this question, with numerous citation of authorities in support of this view, will be found in the able dissenting opinion of Judge Green, in the case of Stewart v. Price, 67 Pac. 556, and we think that the law as laid down in that dissenting opinion sets out the correct doctrine and is the one that should be the law in New Mexico, as it is in the great majority of the States of the Union, where the procedure is under a code similar to ours. On April 22nd, 1904, about two years after the case of Stewart v. Price was decided, the Supreme Court of Kansas, in the case of Manly v. Park, 75 Pac. 557, expressly overruled the majority opinion of the court in Stewart v. Price and declared the law to be in accordance

with the dissenting opinion of Judge Green, in that case.

It appears from an examination of the record in the case at bar, that the draft or order was never assigned by Lund. It is conceded that he still holds it, and, by its very terms it shows that it was given "in discharge of those judgments and other demands which he holds against me and the said properties." If Lund could not sue on this draft or order, while he still held it, then no one could, and it would not be of as much value as a mere piece of blank paper. It could not be reformed by the action of the court, because it did, at the time it was made, for all that appears in the record, correctly express the intention of the parties to it.

Of course, if Gaylord, its drawer, or The Eagle Mining and Improvement Company, had any real defense to the payment of this draft, they could have made it in this suit, as the draft or order was non-negotiable and was still in the possession of Lund to whom it was made payable. The amended answer shows that The Eagle Mining and Improvement Company set up some grounds of defense, but as to whether any evidence was taken on those points we are not aware, as the testimony adduced at the trial of the case is not brought up in the record. At all events that point is not relied on in this appeal.

Holding the views that we do that this suit was properly brought by the real party in interest, we think that the court properly overruled the demurrer, and there being no other reversible error in the case, the judgment of the court below is affirmed, and It is so ordered.