No. 20,791.

ANNIE MACKIE et al. (FRANK J. MACKIE and MAY LEWIS, *Appellants*), v. THE GRAND LODGE OF THE ANCIENT ORDER OF UNITED WORKMEN OF KANSAS, *Appellee.*

SYLLABUS BY THE COURT.

FRATERNAL INSURANCE — *Presumptions of Death — Evidence — Prima Facie Case.* Where a demurrer to evidence is sustained, error in excluding material and competent evidence will compel a reversal of the judgment if the evidence excluded, together with that admitted, is sufficient to make a *prima facie* case as against the demurrer.

Appeal from Lyon district court; SAMUEL S. SPENCER, judge *pro tem.* Opinion filed April 7, 1917. Reversed.

*Dennis Madden,* of Emporia, for the appellants.

*Edgar Bennett,* of Washington, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: In this case the plaintiffs seek to recover on a beneficiary certificate issued by the defendant to William Mackie.

The petition alleged that William Mackie was a member of the defendant order; that the order had issued to him a beneficiary certificate payable at his death to the plaintiffs as beneficiaries; that on the 23d day of August, 1904, William Mackie disappeared from his home and family and since that time has been unheard of, and his whereabouts have been unknown, although diligent search and inquiry have been made by the plaintiffs and the defendant; that William Mackie died on or about the 23d day of August, 1911; that proof of his death was made to the defendant and payment of the certificate refused; that the dues and assessments on the certificate were paid by the plaintiff to the ———— day of ————, 1905; that the defendant then refused to accept any further payments from the plaintiffs; and that the plaintiffs have been ready and willing to pay all dues and assessments.

Judgment was rendered in favor of the defendants on a demurrer to the plaintiff's evidence. From this judgment the plaintiffs, Frank J. Mackie and May Lewis, appeal. The

cause was tried on October 13, 1913, before S. S. Spencer, judge *pro tem*. The plaintiff's evidence tended to show the following facts: That William Mackie was a member of the defendant organization, and that a beneficiary certificate had been issued to him payable to the plaintiffs; that William Mackie disappeared from his home on August 23, 1904; that thereafter the dues and assessments were paid by the plaintiffs until July, 1905, and by the local lodge until August, 1905; that an arrangement was then made with the officers of the local lodge by which it would pay the dues and assessments until sometime later; that an assessment became due on September 28, 1905, but that, prior to that time, and after the arrangement with the officers of the local lodge had been made, the grand master of the defendant wrote the officers of the local lodge telling them not to accept any more ·dues or assessments on this certificate from any one except William Mackie or some one authorized by him to pay them; and that, thereafter, the officers of the local lodge refused to receive any further dues or assessments, although payment thereof was tendered.

A further trial of the cause was then postponed. It was resumed on the 2d day of Nevember, 1915, when the plaintiffs requested leave to file an amended petition. This leave was refused on the following grounds, as stated by the trial court:

"The trial of this cause began October 10, 1913—two years ago. The plaintiffs introduced all their evidence; then asked the court to adjourn the hearing and give them a little more time to bring in some additional evidence, which request was granted. Nothing more has been done in the case until leave to file amended pleading was asked a short time ago. This is not an application to amend to conform to the facts proven, but an attempt, after the close of plaintiffs' evidence on trial to frame new issues. There has been no diligence exercised, and no showing of any kind to excuse the laches."

After leave to file the amended petition had been refused, the plaintiffs offered to introduce evidence to prove that William Mackie had not been heard from since his disappearance; that his whereabouts had not been ascertained; that letters of inquiry had been sent to all his known relatives and acquaintances; and that they had answered that they had not heard of,

and did not know, his whereabouts.  The plaintiffs also offered evidence to prove that:

"William Mackie left a note in writing at the time of his departure on the center table in the sitting room of his residence, directed to his wife, on the said twenty-third day of August, 1904, stating that it was better for her to be without him and that by the time she received the note he would be where the trials and sorrows of this life would be no more, and expressed the hope that God would forgive him for what he had done; to tell Mr. Gibson to pay his note, and the note in the Americus Bank, and give the surplus to his wife and not to give anything to his bad boy, as he was the cause of his bad life; expressing good-bye to his wife with a hope that they would meet in heaven."

Offers of other material and competent evidence were made, all of which was excluded.  Of this, complaint is made.  The court sustained a demurrer to the plaintiff's evidence.  As to the evidence that had been admitted the demurrer was probably rightly sustained, because that evidence did not tend to show that William Mackie had not been heard from since his disappearance, and did not tend to show that any inquiry had been made to ascertain, or that the plaintiffs did not know, his whereabouts.  The unexplained absence of William Mackie, without any showing that nothing had been heard from him since his disappearance, and without any showing that any effort had been made to ascertain his whereabouts, was not sufficient to prove his death.  (*Ryan v. Tudor,* 31 Kan. 366, 2 Pac. 797; *Modern Woodmen v. Gerdom,* 72 Kan. 391, 82 Pac. 1100; *Renard v. Bennett,* 76 Kan. 848, 93 Pac. 261; *Caldwell v. Modern Woodmen,* 89 Kan. 11, 130 Pac. 642; 13 Cyc. 297-301.)

The evidence offered was material and should have been received.  It was error to exclude it.  If it had been admitted, a *prima facie* case on behalf of the plaintiffs would have been proved.  For the error in excluding the evidence offered, the judgment is reversed and a new trial is ordered.