GEORGE E. COLLINS, Respondent, *v.* ALBERT F. McWILLIAMS, Appellant.

First Department, January 10, 1919.

Appeal — order denying motion for bill of particulars not reviewable on appeal from final judgment — decedent's estate — liability of personal representative of decedent on contracts for services made by him — practice — effect of failure by plaintiff to move for direction of verdict — action for services alleged to have been rendered on employment by administrator — parties defendant — failure to join coadministrator — prior assignment of claim by plaintiff — erroneous exclusion of evidence tending to show that services were rendered on credit of estate and also that plaintiff had assigned claim — erroneous receipt of evidence as to reassignment of claim to plaintiff after commencement of action — right of plaintiff to sue after assignment of claim as collateral — pleading of defect of parties by defendant in that assignee was not joined.

An order denying a motion for a bill of particulars does not necessarily affect the final judgment, and, therefore, is not reviewable on appeal from the judgment.

Ordinarily the personal representative of a decedent is personally liable on contracts made by him, but services may be rendered in the administration of the estate for its benefit on the credit of the estate and when so rendered the personal representative does not become individually liable, at least not until he receives the money from the estate.

A plaintiff by failing to move for a direction of a verdict concedes that there are issues of fact for the jury.

Where in an action to recover for services alleged to have been rendered by the plaintiff as an accountant on a per diem basis on employment by the defendant, a coadministrator, in a suit by the defendant and his coadministrator in their representative capacities for an accounting, the defendant alleged that the plaintiff was not the real party in interest in that he had assigned his claim and that there was a defect of parties in that the defendant's coadministrator, who was a coplaintiff in the suit in which the services were rendered, was a necessary party, it was error to refuse to allow defendant to place in evidence an answer duly verified by the plaintiff in an action by the assignee against him which tended not only to show that the services in question were rendered on the credit of the estate, but also that the plaintiff was not the real party in interest, and that he had parted with the claim absolutely.

Such evidence, however, would not have been conclusive upon either point, for the defendant was not a party thereto.

It was also error to receive in evidence a reassignment of the claim to the plaintiff after the commencement of the action.

If the assignment was only as collateral, the plaintiff retained a sufficient interest in the claim to enable him to sue thereon and he would hold the proceeds as trustee for the assignee to the extent of its interest, and if defendant required protection as against the assignee he should, in the event that the assignment was as collateral, have pleaded a defect of parties in that the assignee was not joined.

But such a plea would not have availed the defendant since the claim was reassigned to plaintiff.

APPEAL by the defendant, Albert F. McWilliams, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 24th day of May, 1918, upon the verdict of a jury, and also from an order entered in said clerk's office on the 20th day of May, 1918, denying defendant's motion for a new trial made upon the minutes, with notice of an intention to bring up for review an order made on or about the 8th day of May, 1918, denying defendant's motion for an additional or further bill of particulars.

*Jerome A. Strauss* of counsel [*Jacob Newman* and *Nathan Ballin* with him on the brief; *Foster & Newman,* attorneys], for the appellant.

*Alice H. Moran,* for the respondent.

LAUGHLIN, J.:

The order denying the motion for a bill of particulars does not necessarily affect the final judgment and, therefore, is not reviewable on an appeal from the judgment. (Code Civ. Proc. § 1316; *Raff* v. *Koster, Bial & Co.,* 38 App. Div. 336.) The appeal, therefore, in so far as it attempts to bring up for review the order is dismissed.

This is an action to recover for services alleged to have been rendered by the plaintiff as an accountant on a per diem basis on employment by the defendant. The defendant put in issue the material allegations of the complaint and pleaded that the plaintiff was not the real party in interest in that he had assigned his claim to the Broadway Building Company, and that there was a defect of parties in that one

Daniel A. McWilliams, who was defendant's coplaintiff in the action in which the services were rendered, was a necessary party, on the theory that the services rendered were for the common benefit of both the plaintiffs in that action. The court ruled as matter of law that the plaintiff, notwithstanding the evidence with respect to the assignment of the claim, could maintain the action, but left it to the jury to determine whether the employment was by the defendant and on his credit, or for and on the credit of the defendant and his coadministrator of the estate of Charles McWilliams, deceased, or on the credit of said estate.

The action in which the services were rendered was one brought by the defendant and his coadministrator of the estate of said Charles McWilliams, deceased, in their representative capacities, for a copartnership accounting with respect to a copartnership between their intestate and his brother, who also had died. The testimony of the plaintiff tended to show that after he had had some interviews and correspondence with the attorney for the plaintiffs in the copartnership accounting action, he met the attorney and the defendant; that the attorney stated in the presence of the defendant that he was the attorney for the *defendant* and correspondence between the plaintiff and the attorney with respect to the services to be rendered and compensation therefor was referred to, and that he was asked to do the work; that defendant asked how long it would take and he replied, " I don't know, but it certainly is not going to take any longer than I can possibly help, because I understand that I have to wait for my money until you get yours," and that finally the defendant told him to go ahead but to finish the work as soon as he could and that he thereupon entered upon the services and completed the preparation of the account and testified before the referee; that after completing the work he told the defendant the cost of his services on the per diem basis, to which the defendant made no response, and that he subsequently mailed a letter to the defendant inclosing a bill therefor. The bill, which was offered in evidence by the plaintiff, was to the defendant and his coadministrator as such. The testimony of the defendant tends to show that the employment of the plaintiff was by the attorney for the

plaintiffs in the copartnership accounting action and that plaintiff was to be paid by the attorney from the latter's contingent fee therein; that he never received the letter or bill from the plaintiff and payment was never demanded of him until the commencement of the action. The attorney was a witness in the case. Ordinarily the personal representative of a decedent is personally liable on contracts made by him, but services may be rendered in the administration of the estate for its benefit on the credit of the estate and when so rendered the personal representative does not become individually liable, at least not until he receives the money from the estate. (*Jessup* v. *Smith*, 223 N. Y. 203; *Foland* v. *Dayton*, 40 Hun, 563; *Martin* v. *Platt*, 51 id. 429; *Brackett* v. *Ostrander*, 126 App. Div. 529; *Bottome* v. *Neeley*, 124 id. 600; affd., 194 N. Y. 575.) It is not clear that the testimony of the plaintiff to which reference has been made presented an issue as to whether his employment was on the credit of the estate; but it indicates that he was not to be paid until the money was received from the estate and there is no allegation or proof that the claim for his services had been allowed by the Surrogate's Court. The plaintiff, however, by failing to move for a direction of a verdict conceded that there were issues of fact for the jury and on those issues the court erroneously excluded competent evidence. It appeared that prior to the commencement of the action the plaintiff assigned his claim to said Broadway Building Company by an assignment in writing absolute in form and in the assignment stated that the claim was against the *attorney and the defendant,* and he inclosed the assignment to the assignee with a letter stating that the claim was against both the attorney and the defendant and that the assignment was made *as collateral security* for past due rent and for future rent. The defendant offered in evidence an answer duly verified by the plaintiff in an action by the assignee against him in which he pleaded that the estate of Charles McWilliams was indebted to him in a sum exceeding $5,000, and that it was thereupon agreed by and between him and the plaintiff in that action that he should assign so much of said claim against the estate of said McWilliams to the plaintiff therein as would compensate it for all rent due and owing up to and

including July, 1914, and for all moneys to become due for rent under a lease made and entered into between him and the plaintiff therein, and that the plaintiff therein should accept such assignment " in full satisfaction and discharge of the claim in the complaint mentioned," and that he thereupon assigned his claim against the estate of McWilliams to the plaintiff therein according to said agreement His bill of particulars in that action containing like admissions in part was also offered in evidence by the defendant.

That evidence was excluded on plaintiff's objection. If received it would have tended not only to show that the services were rendered on the credit of the estate, but also that the plaintiff was not the real party in interest and that he had parted with the claim absolutely. It would not, however, have been conclusive upon either point, for the defendant was not a party thereto and it was, therefore, subject to explanation.

A reassignment of the claim to the plaintiff after the commencement of the action was erroneously received in evidence over the defendant's objection and exception. (*Walsh* v. *Woarms*, 109 App. Div. 166.) That, of course, could not avail the plaintiff in this action. In view, however, of the fact that the court ruled that as matter of law the plaintiff had a sufficient interest to maintain the action, this error did not affect the verdict. It does not appear that the assignee gave notice to defendant of the assignment, and if the assignment was only as collateral the plaintiff retained a sufficient interest in the claim to enable him to sue thereon, and he would hold the proceeds as trustee for the assignee to the extent of its interest, and if defendant required protection as against the assignee he should, in the event that the assignment was as collateral, have pleaded a defect of parties in that the assignee was not joined. (*Lang* v. *Eagle Fire Co.*, 12 App. Div. 39; *Hawkins* v. *Mapes-Reeve Construction Co.*, 82 id. 72, 80; *Mercantile Trust Co.* v. *Gimbernat*, 143 id. 305; affd., 206 N. Y. 722.) Such a plea would not have availed the defendant since the claim was reassigned to plaintiff by which it appears that the assignee has now no interest therein.

The error in the exclusion of material evidence requires

that the judgment and order should be reversed and a new trial granted, with costs to appellant to abide event.

DOWLING, SMITH, PAGE and SHEARN, JJ., concurred.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.