SECURITY BENEFIT ASSOCIATION *v.* VERDERY.

Decided February 6, 1922.   Rehearing denied March 6, 1922.

Action on life benefit certificate.   Judgment for plaintiff.

*Affirmed.*

1. INSURANCE—*Life Benefit Certificate—Beneficiary.*   Where a divorced wife continues to pay the premiums on a life benefit certificate, taken out ·by the husband, which were accepted by the association with full knowledge that the husband had disappeared; that the wife had remarried; and that'she was paying the premiums as the beneficiary designated in the certificate; the association is estopped to dispute her right to recover.

2. DEATH—*Presumption.*   The proofs necessary to raise the presumption of death of a person after disappearance and absence for seven years, must depend upon the facts in each particular case.

3. INSURANCE—*Death of Assured—Presumption from Disappearance and Absence.*   Evidence reviewed and held sufficient to support findings of the trial court that plaintiff had made due and diligent search and inquiry before bringing suit to recover upon a life benefit certificate, the assured having disappeared and remained absent for more than seven years.

*Error to the District Court of the City and County of Denver, Hon. Greeley W. Whitford, Judge.*

Mr. WILLIAM H. WADLEY, for plaintiff in error.

Mr. GEORGE P. STEELE, for defendant in error.

*En banc.*

MR. JUSTICE BAILEY delivered the opinion of the court.

THE suit is by Xenia A. Verdery, on a fraternal benefit certificate upon the life of Max H. Zimmerman, for $3,000.00.   Mrs. Verdery at the time of the issuance of the certificate was Zimmerman's wife.   The certificate is

dated March 7, 1907, and five years later Zimmerman disappeared. In August, 1914, plaintiff secured a divorce from him on the ground of desertion and later married Verdery. Judgment was for plaintiff and the Association brings the record here for review. In this opinion the parties are designated as in the court below.

It is the theory of plaintiff that notwithstanding her divorce from the assured and marriage to another, she is entitled to recover, and that the testimony showing the disappearance and continued absence of Zimmerman, for more than seven years, without tidings, for the purpose of this action, is equivalent to proof of death.

The principal contentions of defendant are, that in no event can plaintiff recover, because she was not the wife of Zimmerman at the end of the seven years period immediately following his disappearance; and further, that the facts shown in connection with his disappearance and continued absence are not sufficient to raise the presumption of death.

Defendant to defeat the action relies, among other things, upon chapter 139, Colorado Session Laws, 1911, entitled "Fraternal Benefit Societies." Section 6 thereof restricts beneficiaries under fraternal benefit policies to relatives by blood or marriage, or those dependent upon the member; and also relies upon the by-law of the society passed to conform to the provisions of the foregoing section of the state law, as follows:

"The beneficiaries shall be confined to the families, heirs, blood relatives, or to persons dependent upon the member. Provided, that a member having no spouse or children living may, with the consent of the Order, make a charitable institution the beneficiary in those states where such designation is permitted. The provision as to heirs and blood relatives herein shall be held to mean relationship not further removed than cousin in the first degree. In all cases the person intended as beneficiary shall be specifically named in the beneficiary certificate. No payment shall be made upon any benefit certificate to any person who

does not bear the required relationship at the time of the member's death."

The statute and the by-law were both enacted years after the issuance of the certificate involved. But it is urged that they are both retroactive and that by their terms plaintiff is precluded from recovery. These questions, under the facts disclosed, need not be determined, since it appears that plaintiff continued, for more than seven years after the disappearance of Zimmerman, to pay the premiums upon the certificate in question, which were accepted by the Association with full knowledge that Zimmerman had disappeared that plaintiff had been divorced, was remarried and was paying such premiums as the beneficiary designated in the certificate. Plaintiff paid such premiums both before and after her divorce from the insured. Under such circumstances the Association ought not to be heard to dispute her right of recovery.

The only other matter which need be determined is whether the presumption of death arises from the proven facts. Counsel for defendant relies upon *New York Life Insurance Co. v. Holck,* 59 Colo. 416, 151 Pac. 916, as authority showing the proofs adduced to be insufficient. It is to be noted, however, that it was specifically held therein that "each case must necessarily depend upon its own facts," and limited the law there announced accordingly. In that case there was much testimony to the effect that the insured had, prior to his disappearance, threatened to leave home on account of unpleasant domestic relations. He left immediately following a quarrel with his wife, and later returned for the purpose of bidding good-bye to his daughter. Afterward he sent the child presents by express, and there was testimony of his having subsequently been seen alive upon several occasions in various parts of the country.

In this case there is not only no evidence of domestic difficulties, but the testimony indicates that the insured led a pleasant and contented home life, and that he was the father of a young son to whom he appears to have

been greatly attached. The husband and father left home in the morning, with the understanding that he would meet his wife later in the day to attend an art exhibit, and was never seen again in the city.

There is a suggestion to the effect that he left with another woman, but nothing in the record supports this, nor is there any fact or circumstance shown which tends to explain his departure, long continued absence or subsequent silence, except that of death. There is testimony that he appeared at the home of a brother in Illinois a few weeks after his disappearance, but nothing further seems to have been heard of or from him. So far as the record discloses he appears to have utterly disappeared during the more than seven years between his departure and the commencement of this suit, no trace of him whatsoever having been reported during that entire period, except as above noted.

It is shown that the wife communicated with all the relatives of the missing man, of whom she had knowledge, except a sister, with whom the insured was not on friendly terms. She notified the members of the Association, watched the papers for news of him, talked with those of his associates and acquaintances whom she knew, and seems to have done all that could be reasonably expected of her to do under the circumstances. There is ample competent testimony to support the findings of the trial court that plaintiff made due and diligent search and inquiry before suit brought, and we are not disposed to disturb them.

It was held in *Modern Woodmen of America v. White,* 70 Colo. 207, 199 Pac. 965, that whether the inquiries in a given case showed sufficient diligence must depend upon its particular facts, circumstances and conditions. That decision is authority for upholding the sufficiency of the diligence of search shown herein. We cite the following additional decisions which support the conclusion of the trial court that due and diligent search and inquiry were

made by plaintiff: *Spahr v. Mutual Life Co.*, 98 Minn. 471, 108 N. W. 4; *Mackie v. Grand Lodge*, 100 Kan. 345, 164 Pac. 263; *Richey v. W. O. W.*, 184 Iowa, 10, 168 N. W. 276, L. R. A. 1918F, 1116; *Miller v. Sovereign Camp*, 140 Wis. 505, 122 N. W. 1126, 28 L. R. A. (N. S.) 178, 133 Am. St. Rep. 1095; *Lichtenhan v. Prudential Ins. Co.*, 191 Ill. App. 412; *Page v. Modern Woodmen*, 162 Wis. 259, 156 N. W. 137, L. R. A. 1916F, 438, Ann. Cas. 1918D, 756; *Kaufmann v. N. Y. Life* (Cal. App.) 186 Pac. 360; *Darrell v. Mutual Ben. Life Ins. Co.* (Cal. App.) 186 Pac. 620.

No other question argued is of sufficient importance to merit discussion. The judgment is in accord with exact justice, is fully warranted in fact and law, and should therefore be affirmed. It is so ordered.

MR. JUSTICE DENISON dissents.