No. 24,133.

MYRTLE C. ALLEN, MARY E. PENNELL, EFFIE J. GRIM, EUNICE M. BOSLAR and HENRY H. HEFLEY, *Appellees*, v. PROTECTED HOME CIRCLE (The Boyer-Kruse Mortuary Company, Interpleader), *Apellant*.

SYLLABUS BY THE COURT.

1. FRATERNAL INSURANCE—*Seven Years Absence of Assured—Presumption of Death—Hearsay Evidence.* Plaintiffs' right to recover upon a beneficiary certificate depended upon whether the beneficiary originally named in the certificate was living or dead, plaintiffs relying upon the presumption of his death arising from his unexplained absence for more than seven years. *Held,* that under the exception to the hearsay rule that declarations concerning pedigree are admissible, evidence of statements of members of the

family relating to the absence of the beneficiary and letters written by members and acquaintances of the family concerning their knowledge of his disappearance and absence were competent.

2. SAME—*Evidence to Support Presumption of Death.* Evidence to support the presumption of death considered, and *held,* a substantial compliance with the rule stated in *Modern Woodmen v. Gerdom,* 72 Kan. 391, 82 Pac. 1100, and cases cited in that opinion.

3. SAME—*Proper Party Plaintiff in Action on Benefit Certificate.* A mortuary association holding an assignment of the beneficiary certificate merely for the purpose of security for the payment of burial expenses of the assured was a proper party plaintiff; and *held further,* that since the defendant is fully protected by the judgment against further litigation, it cannot question the right of plaintiffs to maintain the action.

Appeal from Bourbon district court; ·EDWARD C. GATES, judge. Opinion filed January 6, 1923. Affirmed.

*Charles E Hulett,* of Fort Scott, and *Sam Sparrow,* of Kansas City, Mo., for the appellant; *Fred A Service,* of Sharon, Pa., of counsel.

*John H. Crider,* and *Douglas Hudson,* both of Fort Scott, for the appellees.

The opinion of the court was delivered by

PORTER, J.:   The Protected Home Circle, appellant, is a mutual benefit association incorporated under the laws of Pennsylvania. Prior to 1910, Sarah S. Butcher held two benefit certificates of .$1,000 each, issued by the appellant. At that time she was living in Detroit, Mich., with her husband, William Henry Butcher; who was the beneficiary named in the certificates. He disappeared in January, 1910, and his wife and family heard nothing further from him. The benefit certificates contained a provision that in the event of the death of the beneficiary prior to the death of the assured member, "if no other designation be made, the Benefit Fund shall be paid, first, to the husband or wife ·of the deceased member, if living; if no husband or wife, to children, if living, share and share alike; if no children, to the mother; if no mother, to the father; if no father, to the sisters and brothers, share and share alike· . . .

Subsequent to the disappearance of William Henry Butcher, the benefit certificates were reissued and Christina Hefley, mother of the insured, was made the beneficiary. She died July 18, 1911. Without designating a new beneficiary in either certificate, Sarah S. Butcher died on August 31, 1920.

The question is, whether the appellees, who are the brothers and sisters of Sarah S. Butcher, the assured, are entitled to the insurance

money; and this depends upon the question whether William Henry Butcher, the husband, is dead. The Boyer-Kruse Mortuary Company was made a party to the action, because it holds an assignment of the certificates as security for payments of the burial expenses of Sarah S. Butcher.

The Protected Home Circle, while acknowledging its liability to pay someone the amount due on the certificates, contends that it it not liable to pay any sum, because of the failure to establish the death of William Henry Butcher. The appellees, the brothers and sisters of Sarah S. Butcher, brought this action to recover upon the benefit certificates, relying upon the presumption of the death of the husband of assured arising from his unexplained absence for more than seven years.

The trial resulted in a judgment in their favor, and the company appeals.

The appellant contends that the court committed error in admitting evidence of statements made by Sarah S. Butcher to Myrtle C. Allen, one of the appellees, relating to the absence of William Henry Butcher, the claim being that the testimony was hearsay. There is no merit in this contention. The evidence was admissible as declarations concerning pedigree, which constitute a separate exception to the hearsay rule. It was admissible as evidence, not only of the facts directly asserted but also of such relevant facts as may be incidentally or inferentially stated; such as the dates of births, deaths and marriages. (22 C. J. 242.) In *Smith v. Brown,* 8 Kan. 608, 618, it was said:

"The evidence was not objectionable on the grounds that it was hearsay, for while it was literally hearsay it was of a kind authorized by law to be given where the facts of descent and relationship, or of birth, marriage and death are in controversy, as in this case. 1 Greenl. Ev. §§ 103, 104."

(And see, *Tyner v. Schoonover,* 79 Kan. 573, 100 Pac. 478.)

Second, there was no error in admitting letters written by members and acquaintances of the family concerning their knowledge of the disappearance and absence of the husband. It would have been error to exclude such evidence. (*Mackie v. United Workman,* 100 Kan. 345, 164 Pac. 263; *Caldwell v. Modern Woodman,* 89 Kan. 11, 130 Pac. 642.)

It appears from the testimony of the plaintiffs that in January, 1910, after William Henry Butcher returned from his work, he disappeared; that his domestic relations were of the best; he came

Allen v. Home Circle.

home one evening, went to the store and never returned; took nothing with him when he left, except the clothing in which he had worked that day, and left his diamond ring at home. His wife viewed more than fifty bodies in morgues during the first year following his disappearance; made inquiries of personal friends and relatives and inquiries of the police, but had never been able to get any word of her husband. Members of the family went to Detroit from Fort Scott to make inquiries concerning Mr. Butcher and to locate him if possible. Inquiries were made of friends and acquaintances of the family there. He was a man of considerable prominence, and at one time had been president for the state of Michigan of the Protective Home Circle. An advertisement was run in the official paper of the appellant seeking for inquiries of him. There was no particular place, other than Detroit, in which the family of the appellees had any reason to make a special search. Letters were written to the state hospitals for insane; former employees and associates were questioned; the local lodges of the order, of which he was a member, were interrogated. It is unnecessary to set out the evidence of the efforts made by the family to discover his whereabouts if living. The rule declared in *Modern Woodmen v. Gerdom,* 72 Kan. 392, 82 Pac. 1100, and in the other disappearance cases to which we have referred, seems to have been fairly and substantially complied with. We discover no error in the admission of letters written by Myrtle Allen. They were neither hearsay nor self-serving. They were apparently made in an honest effort to discover, if possible, what had become of William Henry Butcher. It was said in the Gerdom case, *supra*:

"In order that the presumption of life may be overcome by the presumption of death, there must be evidence, not merely of absence from home or place of residence for the period of seven years, but there must be a lack of information concerning the absentee on the part of those likely to hear from him after diligent inquiry." (p. 396.)

Finally, it is insisted that because the appellees assigned their interest in the proceeds of the certificates to the mortuary company, the latter is the real party in interest and not the plaintiffs. The defendant quotes the cases of *Stewart v. Price,* 64 Kan. 191, 67 Pac. 553; *Manley v. Park,* 68 Kan. 400, 75 Pac. 557. The assignment was merely for the purpose of security for the payment of burial expenses. The appellant will be fully protected by the judgment against further litigation over the certificates, and is estopped to say

that the plaintiffs are not the real parties in interest. In *Rullman v. Rullman*, 81 Kan. 521, 106 Pac. 52, it was said that in such a situation the question whether or not the case was brought by the real party in interest should depend upon the inquiry, will the defendant be protected by the judgment rendered against further litigation with some person who may claim to be the real party in interest? The mortuary company by its interplea is bound by the judgment and is doubtless fully satisfied to receive payment of its claim.

We discover no error in the record and the judgment is affirmed.