112 P.2d 511

## TURNER et al. v. NEW BRUNSWICK FIRE INS. CO. OF NEW BRUNSWICK, N. J.

No. 4587.

Supreme Court of New Mexico.

April 5, 1941.

Wilson & Woodbury, of Silver City, and Jones, Hardie, Grambling & Howell, of El Paso, Tex., for appellant.

Alvan N. White and Clyde T. Bennett, both of Silver City, for appellees.

SADLER, Justice.

This is an appeal from a money judgment entered on a jury verdict in an action

on a fire insurance policy. Only two questions are presented for review. The first is whether the trial court erroneously held that the action was commenced by plaintiffs who were the real parties in interest within the twelve months' period of limitation contained in the policy. The second is whether, as a matter of law, swearing to a false inventory by one of the plaintiffs, without knowledge that it was false and without any intention to defraud the insurance company, defeats recovery under the policy provision declaring fraud or false swearing touching the insurance or subject thereof shall render the entire policy void.

The facts from which arises the first question presented are these: The policy sued upon was issued May 1, 1938. It covered a stock of merchandise. The fire occurred September 19, 1938, resulting in the destruction of the merchandise insured. On October 8, 1938, the plaintiffs assigned in writing to each of three creditors, separate amounts aggregating the face of the policy in the sum of one thousand dollars from the moneys due or to become due from defendant, with full power in the assignee to collect and receipt for the amount assigned and to demand and sue therefor. Each assignment also expressly authorized the defendant to pay over the amount stipulated to the assignee named. The assignments were executed as security for debts severally owing by the plaintiffs on open account to each assignee.

These assignments were outstanding when plaintiffs filed their complaint seeking recovery under the policy. Subsequently, and prior to trial but more than a year after the fire, each of the assignees reassigned and relinquished unto the plaintiffs all rights and interests under the respective assignments, each relinquishment reciting that plaintiffs should be reinvested with as full and complete rights under the policy as if the assignment had never been executed.

The policy contained a provision as follows: "Suit. No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, nor unless commenced within twelve months next after the fire."

The defendant's position briefly stated is this: The mere filing of suit within one year after the fire is unavailing if the plaintiff filing it is not the real party in interest. 1929 Comp., § 105-103. The plaintiffs, although suing within the year stipulated in the policy provision just quoted, were not the real parties in interest because they had assigned away all moneys to become due under the policy. And the reassignments to them, executed more than a year after the fire, were ineffective to give plaintiffs character as real parties in interest at any period of the time from the filing of their suit to expiration of the one-year period of limitation. So runs the argument of the defendant.

█ The plaintiffs meet the defendant's contention squarely on the merits. They

make no claim, as defendant seems to have anticipated, that the policy provision stipulating a one-year limitation period is void because it shortens the statutory period of six years for commencing actions on written contracts. We have held such a contention is not well taken. Electric Gin Co. v. Firemen's Fund Insurance Co., 39 N.M. 73, 39 P.2d 1024. They argue vigorously, however, that an assignment for security only leaves assignor the equitable and beneficial owner of the chose assigned and that he still may maintain an action in his own name as the real party in interest. In this contention we think the plaintiffs are correct. Stackpole v. Pacific Gas & Electric Co., 181 Cal. 700, 186 P. 354; Storm & Butts v. Lipscomb, 117 Cal.App. 6, 3 P. 2d 567; Globe & Rutgers Fire Insurance Co. v. Jewell-Loudermilk Co., 36 Ga.App. 538, 137 S.E. 286; Grubaugh v. Simon J. Murphy Co., 209 Mich. 551, 177 N.W. 217; Louk v. Patten, 58 Idaho 334, 73 P.2d 949; Ford Hospital v. Fidelity & Casualty Co., 106 Neb. 311, 183 N.W. 656; Allen v. Protected Home Circle, 112 Kan. 576, 212 P. 95; Griffey v. New York Cent. Ins. Co., 100 N.Y. 417, 3 N.E. 309, 53 Am.Rep. 202; Lang v. Eagle Fire Co., 12 App.Div. 39, 42 N.Y.S. 539; Mercantile Trust Co. v. Gimbernat, 143 App.Div. 305, 128 N.Y.S. 751; Collins v. McWilliams, 185 App.Div. 712, 173 N.Y.S. 850. See, also, text discussions in 8 Couch on Insurance, § 2056 and 6 C.J. S., § 122, page 1169, under Assignments.

In Lang v. Eagle Fire Co., supra, the plaintiff's right to maintain the action was challenged on the ground that he was not the real party in interest. Following the fire he made an assignment or order for the payment of money similar to those executed by the plaintiffs in the case at bar. Denying the contention, the court said [12 App.Div. 39, 42 N.Y.S. 544]: "The third point urged upon the attention of the court is that the plaintiff is not the real party in interest, and, therefore, not entitled to maintain this action. The evidence in the case discloses the fact that, upon the day following the fire, the plaintiff assigned to his mother all moneys due and owing him, or to become due and owing him, upon the policy in suit. But it further appears that such assignment was not an absolute one, but was intended merely as collateral to an indebtedness which the plaintiff owed his mother. And this, of itself, would be a sufficient answer to the defendant's contention; for, if the plaintiff's right of action against the defendant was pledged as collateral security merely, he undoubtedly retained sufficient interest therein to entitle him to maintain this action."

Under the peculiar language of the assignments or orders to pay here involved, no one assignee possessed the right to sue for recovery of the entire amount of the policy, but only for the stipulated portion thereof assigned to him or it. After the recital of a consideration and following the assigning clause, each instrument has the language, "with full power to (the assignee) to collect and receipt for and sue for the assigned amount * * *". The instrument itself recites no formal transfer, assignment or delivery of the policy to

any of the assignees. It remained with the insured, so far as the record before us discloses. Accordingly, if any one of the assignees should elect to sue, the suit necessarily would be one to recover only the amount named in the instrument held by such assignee. . The right to maintain a single action to recover the full amount of the policy remained in the assignors (plaintiffs) alone. If they could not maintain it, no one else could.

In effect, the plaintiffs pledged to the respective assignees a portion only of the proceeds of the policy. The general property in the thing pledged remained in the pledgors, the pledgee having but a special property therein as security for the payment of the debt secured. American Mortgage Co. v. White, 34 N.M. 602, 287 P. 702; Cf. Storm & Butts v. Lipscomb, supra. The mortgagee possesses no title to the thing mortgaged but a mere lien. Stearns Rogers Mfg. Co. v. Aztec Gold Min. & Mill. Co., 14 N.M. 300, 93 P. 706. Clearly, one possessing general property rights in a chattel or chose may qualify as a real party in interest in a suit or action essential to the protection of such rights. The cases and text citations hereinabove fully sustain this statement. This is true despite the fact that another likewise may qualify as a real party in interest in a suit or action relating to the same chattel or chose, if essential to the protection of a special property right therein. First National Bank v. Stewart, 13 N.M. 551, 86 P. 622; Eagle Mining & Improvement Co. v.

Lund, 14 N.M. 417, 94 P. 949; Barnett v. Wedgewood, 28 N.M. 312, 211 P. 601.

The defendant quotes from our opinion in Reagan v. Dougherty, 40 N.M. 439, 62 P. 2d 810, 811, as follows: "Tests to determine if one is 'a real party in interest' is [are] whether he is the owner of the right sought to be enforced (Whiteman v. Taber, 205 Ala. 319, 87 So. 353), or whether he is in a position to release and discharge the defendant from the liability upon which the action is grounded. Broderick v. Puget Sound, etc., Co., 86 Wash. 399, 150 P. 616."

It is claimed the plaintiffs fail to meet either of these tests. We think they meet both. The assignments being for security only, the plaintiffs remained the beneficial owners of the right to be enforced. At any given time, by paying to the assignee named the debt due him, the plaintiffs could lift the pledge from so much of the proceeds of the policy as the amount stipulated in the particular assignment. And, by acquiescing in the maintenance of the suit by plaintiffs, a fact fully established by reassignments from each assignee, a judgment in plaintiffs' favor or against them, would be res adjudicata on the assignees. Camden Fire Ins. Ass'n v. Eckel, Tex.Com.App., 14 S.W.2d 1020. Allen v. Protected Home Circle, supra. The fact that the reassignments were executed more than a year after the fire would not constitute the suit a new one by plaintiffs from the time of such reassignments so as to bar the right of action under the limitation period contained in the policy, if such reassignments were deemed

essential to make of plaintiffs real parties in interest, contrary to our conclusion. Camden Fire Ins. Ass'n v. Eckel, supra. If the defendant felt that it required protection as against the assignees, in the event the assignments were for collateral, as they proved to be, it had the privilege of pleading a defect of parties, in that the assignees were not joined. Collins v. McWilliams, 185 App.Div. 712, 173 N.Y.S. 850. And the statutes governing on intervention were open to assignees, had they not chosen to indicate their position through reassignments. Mountain Timber Co. v. Lumber Ins. Co., 99 Wash. 243, 169 P. 591.

It also is well established that parol evidence is admissible to show that an assignment absolute on its face was given for security only so as to entitle the assignor to maintain suit in his own name as against the objection that he is not the real party in interest. McDowell v. Fuller, Warden of Michigan Reformatory, 169 Mich. 332, 135 N.W. 265; Grubaugh v. Simon J. Murphy Co., 209 Mich. 551, 177 N.W. 217; Pulkrabek v. Bankers' Mortgage Corporation, 115 Or. 379, 238 P. 347; Sunshine Oil Co. v. Chantry, 186 Okl. 49, 96 P.2d 20. Parol evidence is admissible to show that a deed absolute on its face was intended as a mortgage only. 3 Jones Commentaries on Evidence, 2nd Ed., page 2793, § 1531 and 20 A.J. 998, § 1146, "Evidence". Cf. Palmer v. City of Albuquerque, 19 N. M. 285, 142 P. 929, L.R.A.1915A, 1106. See also, Burgess v. Seligman, 107 U.S. 20, 2 S.Ct. 10, 27 L.Ed. 359; Aetna Insurance Co. v. Smith, McKinnon & Son, 117 Miss.

327, 78 So. 289, L.R.A.1918D, 1158. Parol evidence introduced at the trial of the case at bar abundantly establishes that the assignments in question were given for security only.

This objection being matter in abatement of the action, query, whether defendant did not waive it by failing to stand on the court's action overruling its demurrer to plaintiffs' reply raising the point. Cf. Salazar v. Garde, 37 N.M. 352, 23 P.2d 370.

It is next urged that the false swearing found by the jury avoids the policy. The jury returned a general verdict for plaintiffs as already stated. Certain special interrogatories also were submitted to the jury and answered by it. In their proof of loss, which was sworn to, the plaintiffs valued the stock of merchandise lost at $2,460.95. The jury found the value was only $1,150. Hence, in response to a special interrogatory, the jury answered that the inventory attached to the proof of loss falsely stated the amount of merchandise located in the building at the time of the fire. Answering additional interrogatories, however, the jury found the plaintiffs had no knowledge that the inventory was false at the time it was sworn to and that it was not filed with defendant for the purpose of inducing payment for goods falsely reported to be in the building destroyed at the time of the fire.

Summarizing briefly, the jury found that plaintiffs swore to an inventory which was false in that it disclosed more merchandise in the building than the jury found it to

contain; that they verified the inventory in good faith without knowledge that it was untrue and without any intent on their part to deceive or defraud the company under its policy.

When the general and special verdicts came in the defendant immediately moved for judgment non obstante veredicto. The motion was denied and on the denial thereof the defendant bases this claim of error.

The contention is without merit. The answers to special interrogatories Nos. 2 and 3 establish the good faith of plaintiffs in presenting the inventory and remove any conflict that otherwise might exist between the answer to special interrogatory No. 1 and the general verdict. There is no conflict between the general verdict and the answers to the special interrogatories when all are considered together. It is our duty thus to consider them before announcing irreconcilable conflict. Pettes v. Jones, 41 N.M. 167, 66 P.2d 967.

"It is well settled that when an insured person in making proof of loss by fire, overestimates, through mistake or inadvertence, the value of the property destroyed, the overvaluation does not amount to fraud sufficient to avoid the policy." 29 Am.Jur. 851, § 1134 of the topic, "Insurance".

Under the subject selected for annotation: "Overvaluation in proof of loss of property insured as fraud avoiding fire insurance policy", an extensive review of the decisions sustaining the text just quoted will be found in 20 A.L.R. 1164, followed by a supplemental annotation in 56 A.L.R. 390.

Finding no error, the judgment of the trial court will be affirmed and it is so ordered.

BRICE, C. J., and ZINN, MABRY, and BICKLEY, JJ., concur.