533 P.2d 751

**Allen JIM, Petitioner,**

v.

**CIT FINANCIAL SERVICES CORPO-
RATION, Respondent.**

**No. 10200.**

Supreme Court of New Mexico.

April 11, 1975.

Richard W. Hughes, Shiprock, Richard B. Collins, Window Rock, Ariz., for petitioner.

Tansey, Rosebrough, Roberts & Gerding, R. Thomas Dailey, Farmington, for respondent.

## OPINION

STEPHENSON, Justice.

Appellant (Jim) is an enrolled member of the Navajo Nation residing on the Navajo Reservation in San Juan County, New Mexico. Mr. Jim purchased a pickup truck in Farmington, New Mexico and defendant-appellee (CIT) financed the purchase. Thereafter, Jim defaulted by failing to make payments as required under the contract. Two agents of CIT came upon the Navajo Reservation and, without the written consent of Jim, repossessed the pickup. CIT filed no replevin or other action in the Navajo Tribal Court. Subsequently, Jim filed suit in the District Court of San Juan County based on §§ 307 and 309 in Title 7 of the Navajo Tribal Code. Section 307 states the procedures for repossessing "personal property" of Navajo Indians situated on tribal lands, viz.: written consent of the Navajo at the time repossession is sought or by order of the tribal court "in an appropriate legal proceeding." Jim alleged CIT violated § 307 and sought a minimum civil judgment under § 309 of the Tribal Code of "an amount not less than the credit service charge plus ten percent (10%) of the principal amount of the debt or the time price differential plus ten percent (10%) of the cash price." He argued the pickup was used for "personal purposes" thus bringing it within § 309's definition of "consumer goods" and entitling him to the minimum recovery. CIT answered and, as its first defense, alleged the complaint failed to state a claim for which relief could be granted. See § 21-

1-1(12)(b)(6) N.M.S.A.1953. This was apparently based on the theory that New Mexico laws applied and, under the Uniform Commercial Code, § 50A-9-503, N.M.S.A.1953 (hereinafter § 9-503), CIT had the right to self-help repossession if done without breach of the peace. The district court, treating the defense as a motion to dismiss, sustained CIT's claim and dismissed the case with prejudice. Mr. Jim appealed.

A majority of the sitting panel of the Court of Appeals affirmed the district court but were unable to agree upon any single basis for that action. Jim v. CIT Financial Services Corporation, 86 N.M. 784, 527 P.2d 1222 (Ct.App.1974). Since no precedent was created on the important legal issues involved, we granted certiorari, considering them to be of substantial public interest. See Rule 28, Rules Governing Appeals, § 21-12-28, N.M.S.A.1953 (1974 Interim Supp.).

We reject and disapprove the opinion of Judge Hendley and the specially concurring opinion of Judge Lopez. We agree with the dissenting opinion of Judge Hernandez insofar as he held that the laws of the Navajo Tribe of Indians are entitled by Federal Law, 28 U.S.C. § 1738, to full faith and credit in the Courts of New Mexico because the Navajo Nation is a "territory" within the meaning of that statute. Cf. Mackey et al. v. Coxe, 59 U.S. (18 How.) 100, 15 L.Ed. 299 (1855); Americana of Puerto Rico, Inc. v. Kaplus, 368 F.2d 431 (3rd Cir. 1966). We do not however agree with the result reached by Judge Hernandez.

The parties agree, however, that full faith and credit is "not an inexorable and unqualified command." Pink v. A. A. A. Highway Express, Inc., 314 U.S. 201, 210, 62 S.Ct. 241, 246, 86 L.Ed. 152 (1941). This is especially true where, as in this case, a foreign legislative enactment or statute is sought to be enforced in the forum state. A forum state need not subordinate its own statutory policy to a conflicting public act of another state.

Hughes v. Fetter, 341 U.S. 609, 71 S.Ct. 980, 95 L.Ed. 1212 (1951).

So the real issue in this case involves a conflicts choice of law.

■ It is fundamental that a valid contract between parties governs their rights and duties. The parties here were competent and free to make a choice, inter se, of the law which governs the performance and enforcement of the contractual arrangements which apparently exist between them. This freedom of choice is explicitly recognized in § 1–105 of the U.C. C.:

> "(1) Except as provided hereafter in this section, when a transaction bears a reasonable relation to this state and also to another state or nation the parties may agree that the law either of this state or of such other state or nation shall govern their rights and duties. Failing such agreement this act \* \* \* applies to transactions bearing an appropriate relation to this state."

■ Section 1–105, Subsection (2) spells out limitations on the parties' right to choose the applicable law and makes express provision for the application of §§ 9–102 and 103 on secured transactions, with any contrary agreement being effective only to the extent permitted by the law specified. Nothing in those two sections of Article Nine indicates that, under the facts of this case, the parties were not free to choose their own law. Under § 1–105 it is only where there is no agreement as to the governing law that the determination of which jurisdiction bears the "appropriate" relation is left to judicial decision.

In this case, whether the law of the State of New Mexico or that of the Navajo Tribe was chosen, we cannot now say. No evidence has been adduced and the conditional sales contract is not before us. We can only now hold that it was error to dismiss the complaint.

The issue concerning choice of governing law must be resolved in the same fashion as any other involving contract. Perhaps the contract will conclusively answer the question as to whether the parties made a choice, not only as to the law governing the validity and interpretation of the contract, but also as to that governing the remedies for an admitted breach of an admittedly valid contract. Failing such provision in the contract, it is only then that a choice of law analysis would come into play.

This case is remanded to the district court with directions to set aside the judgment and proceed in accordance with the views we have expressed.

It is so ordered.

McMANUS, C. J., and MONTOYA and MARTINEZ, JJ., concur.

OMAN, J., dissenting.

OMAN, Justice (dissenting).

I agree with the majority that the parties to a contract may make a choice as to the law applicable to the rights and duties created by their contract. However, as I understand the position of Mr. Jim, he has never claimed the applicability of Navajo law is dependent upon his agreement with CIT. His claim, at all stages of these proceedings, has been that Navajo law was applicable because the repossession occurred on the Navajo Reservation.

I agree with Judge Hendley of the Court of Appeals that the conflict of laws question argued on appeal was not raised in the trial court. I also substantially agree with the opinion of Judge Hendley, and do agree with the result he and Judge Lopez reached.

I would quash the writ of certiorari as having been improvidently granted. The majority disagree. Therefore, I dissent.