WINDOW ROCK DISTRICT COURT

October 26, 1983

No. WR-CV-72-83

ANDERSON PETROLEUM SERVICES, INC.
An Oklahoma Corporation, Plaintiff, v.

CHUSKA ENERGY AND PETROLEUM COMPANY,
A New Mexico Corporation, Defendant.

Honorable Tom Tso, Judge presiding.


STATEMENT OF THE CASE

This is a case where the plaintiff received in their favor a Journal Entry of Judgment from the District Court in and for Payne County, State of Oklahoma on February 4, 1983. Plaintiff is now asking this Court to declare the Oklahoma court order a valid judgment and to enforce the judgment through full faith and credit or comity. The Plaintiff is also asking, in addition to the total amount of the Oklahoma judgment, reasonable attorney fees and cost earned or incurred in the Payne County District Court action.

The Defendants argue that this Court should reject the Oklahoma court order and not declare it a valid judgment and that full faith and credit for the judgment should be denied.

The questions this court must deal with are:

(1) Whether this court should give full faith and credit to judgment of other states courts? (2) Can and should this court enforce the Oklahoma state order utilizing the doctrine of comity?

THE ISSUE OF FULL FAITH AND CREDIT

Assuming that a state had proper personal jurisdiction over the parties, the subject matter involved, and all due notices have been met and a judgment was properly issued. Under the circumstances, therefore, can this court give that judgment the same faith, credit, conclusive effect and obligatory force as it had by law or usage in the state from which it was granted? To answer this question we must first decide where this statutory clause regarding such authority derived from.

Full faith and credit is a clause of the Constitution of the United States at Article IV, Section 1, which requires that a foreign judgment be given such full faith and credit as it had by law or usage of the state of its origin.

Basically, this provision of the United States Constitution requires that one state shall give full faith and credit to the judgment of its sister state. The ultimate question presented now is, can the Navajo Courts give full faith and credit to the judgment of another state.

The Navajo Court of Appeals dealt with this same issue in the case of, In the Matter of the Guardianship of Katherine Denise Chewiwi, 1 Navajo Reporter 120, (1977). In particular, the court in the Chewiwi case dealt with the issue of whether the concept of full faith and credit is applicable to the relationship between courts of different Indian Tribes.

In the Chewiwi case the Court in discussing the concept of full faith and credit concluded the Navajo Nation and the Isleta Pueblo stand beyond the bounds of this rule of law, since it presently exists and governs the constitutional relationship of the States of the United States. Id, at 124. The Court went on to say the Indian Nations and Tribes were not signatories to the U.S. Constitution and were not intended to be included with the scope of the mandate of Article V. Section 1. Nor does Title 28, U.S. Code, Section 1738, which was written to effectuate the mandate of Article 4, Section 1, provide a clear guidance to the relationships between Indian Courts. Id. at 125.

Fortunately, the courts of appeals in the Chewiwi case also discussed the case of Jim v. CIT, 533 P. 2nd, 751, decided by the Supreme Court of New Mexico and also the effects of 28 USC, Section 1738 on Indian Courts. Basically, that is the same argument raised by the Plaintiff in this instant case. In answering the presented issues, the court stated in their opinion a careful reading of the Jim v. CIT decision will show that the real issue presented by the facts of that case related to the conflicts of law doctrine. The New Mexico Supreme Court determined that, pursuant to New Mexico's uniform commercial code, parties to a contract may determine which law, given the applicability of more than one, shall govern. Id at 125.

Finally, the Court of Appeals concluded that 28 U.S.C. Section 1738, does not purport to govern the relationship betwee Indian courts. The constitutional provision upon which it is based did not envision Indian courts being in existence nor did the act itself. The status of the decision of Indan Courts is generally determined not in relations to "full faith and credit" but to the concept of the exclusive jurisdicton of each Indian court over certain matters, statutory federal law and U.S. Supreme Court decisions. Id. at 126. On September 22, 1983, the district court for the District of New Mexico in Platero, et. al. v. Platero, Navajo Tribe, et. al., CIV No. 83-0952 stated that... "Indian Tribes are not" states,... territories or possessions" within the meaning of Section 1738A, therefore, the Navajo Courts are not required to give full faith and credit to the Mescalero Tribal Order." Brown v. Babbit Ford, Inc., 117 Ariz. 192, 571 P. 2d 689 (1976); Contra, Mackey v. Coxe, 59 U.S. (18 How.) 100 (1855); Raymond v. Raymond, 83 F. 721 (8th Cir. 1897); Jim v. CIT Financial Services Corp., 87 N.M. 362, 533 P. 2d 751 (1975); F. Cohen, Handbook of Federal Indian Law, 145, 172 (1942); Ragsdale, Problems in the Application of Full Faith and Credit for Indian Tribes, 7 N.M. L. Rev. 133 (1977)." Such question as presented to the federal court on the issue of full faith and credit therefore was left unanswered.

Therefore, this court cannot give full faith and credit to the Oklahoma court order based on the "full faith and credit" clause of the U.S. Constitution Article IV, Section 1.

## THE ISSUE OF COMITY

The court having discussed the issue of full faith and credit now comes to the second question which is whether or not this court can or should give enforcement to the Oklahoma court order based on the doctrine of comity?

Comity is a willingness to grant a privilege, not as a matter of right, but one of deference and good will.

In the Chewiwi decision the Navajo Court of Appeals ruled that when decisions of any state or Indian Courts is presented to the Courts of the Navajo Nation for enforcement the applicable disposition is one of comity.

Finally, the court stated that Navajo Courts will honor and enforce foreign judgments upon consideration of the rights of the foreign court to issue the judgment, of the propriety of the proceedings and of any relevant public policy of the Navajo Nation.

Essentially, the Court of Appeals gave a check list to the Navajo Courts to utilize in deciding whether it should enforce a foreign judgment. In the instant case the court will utilize the check list by first making some findings pursuant to the testimony and evidence adduced at the hearing on October 6, 1983, as follows:

1. Plaintiff Anderson Petroleum Services, Inc. is a corporation duly authorized under the laws of the State of Oklahoma with their principal offices at Stillwater, Oklahoma.

2. Defendant, Chuska Energy and Petroleum, Co. Inc., is a corporation duly authorized under the laws of the State of New Mexico, its registered office at Tohatchi, within the Navajo Nation and a suboffice in Albuquerque, New Mexico.

3. The parties entered into an agreement whereby they agreed that the Plaintiff would do an environmental impact study over one hundred and sixtyseven (167) acres of land on the Navajo Reservation and Defendant would pay Plaintiff One dollar and Fifty cents ($1.50) per acre.

4. The agreement was signed by the Plaintiff in Houston, Texas, on the 28th day of July, 1982. The agreement was subsequently signed by the Defendant in Denver, Colorado.

5. The agreement provides that in the event of any disputes arising out of the agreement that the law of the State of Oklahoma will be controlling and any dispute will be interpreted in light of the laws of the State of Oklahoma.

6. On the 8th day of November, 1982, Plaintiff filed a breach of contract action against the Defendant in the District Court at Payne County, State of Oklahoma.

7. Due to the distance involved, Plaintiff attempted to perfect service of process on the defendant through registered mail. The registered mail was received by the sister of the president of defendant. The sister who signed for the registered mail had no connection whatsoever with defendant's company.

8. On December 8, 1982, Defendant filed a special appearance through their Oklahoma counsel and also filed a Motion to Quash the service of process and a Motion to Dismiss for

lack of jurisdiction. In said action defendant alleged that the State of Oklahoma had no personal jurisdiction over the corporation.

9. On January 6, 1983, Plaintiff Anderson filed a reply to defendant's motion.

10. On January 14, 1983, Plaintiff Anderson filed a Motion for Summary Judgment based upon the pleadings and an affidavit of Kenneth E. Anderson, President of Anderson Petroleum Services, Inc., along with a brief in support of their motion.

11. On January 25, 1983, Defendant filed its answers to the petition as well as its objection to the Motion for Summary Judgment.

12. On February 4, 1983, the matter came before the Payne County District Court. The Honorable Ray L. Wall, heard arguments of counsel and testimony of witnesses and granted a Summary Judgment in Plaintiff's favor.

13. On February 10, 1983, an affidavit from the Defendant was filed together with a Motion to Vacate Summary Judgment.

14. On March 24, 1983, the Plaintiff filed a notice of its intent to take a disposition of Lawrence R. Manuelito on April 1, 1983, which apparently was not done due to Mr. Manuelito's failure to appear for the disposition.

15. On March 29, 1983, the court entered an Ex Parte Order vacating the Summary Judgment dated February 4, 1983.

16. On April 8, 1983, another hearing was set in the Payne County District Court, wherein the court vacated its order dated March 29, 1983, and reinstated the judgment of February 4, 1983. The Court specifically provided for in its order that it would reconsider defendant's Motion to Vacate Judgment at such time as Chuska's president, Lawrence R. Manuelito would appear for trial.

17. It has been brought to the attention of the court that Mr. Manuelito failed to appear for the hearing on advise of counsel.

18. When Mr. Manuelito never appeared for deposition Plaintiff moved on June 23, 1983, to have a final judgment entered by the Payne County District Court.

19. On July 8, 1983, pursuant to notice, the Payne County District Court held another hearing at which time the parties appeared through counsel. Following this hearing and over the objections of the Defendant, a Journal Entry of Judgment was entered confirming the February 4, 1983, judgment as the final judgment.

20. Defendant took no further action on this matter nor did it appeal to any subsequent superior court in the State of Oklahoma.

The court in considering the right of the foreign court to issue a judgment must first of all consider whether the State of Oklahoma obtained personal jurisdiction over the defendant.

The testimonies presented at the hearing before thie court showed

■■■■■■■■■■■

that the alleged service of process on Mr. Manuelito on November 15, 1982, was received by another person having no connection with the company and in essence was not obtained by Mr. Manuelito himself. This presents a problem as to whether or not service was proper.

The Court in considering the propriety of the proceedings that took place in the foreign court must consider whether the proceedings were proper. The record shows that the defendant filed a special appearance, and a Motion to Quash for lack of jurisdiction. Their motions apparently were not considered by the foreign court and their pleadings were ignored for some reason. This court feels that since that motion raised an objection on personal jurisdiction, at the least it should have been given some consideration towards the pleadings rather than ignoring it. Therefore, the Court finds some impropriety as to the proceedings within the foreign court.

Lastly, the court has to take a look at the relevant public policy of the Navajo Nation. Certainly the Navajo Nation's policy is not to encourage people to breach oral contracts or written contracts. It is against the Navajo policy for people to literally breach their contracts. Thus, the Plaintiff may have a case for breach of contract which has to be proven at trial.

Therefore, based on the foregoing, this court declines to enforce the Oklahoma judgment by the doctrine of comity.

## O R D E R

IT IS THEREFORE ORDERED that the court hereby denies to give full faith and credit to the Oklahoma judgment in this case.

IT IS FURTHER ORDERED that the court will decline to enforce the Oklahoma judgment based on the doctrine of comity.

IT IS FURTHER ORDERED that the matter pending before this court be and is hereby dismissed.

IT IS FURTHER ORDERED that the writ of garnishment issued by this Court on the 2nd day of February, 1983, be and is hereby quashed and dismissed.

SO ORDERED.