691 P.2d 465

**BANK OF NEW MEXICO, Petitioner,**

v.

**Bill J. SHOLER, Trustee in Bankruptcy for Nau Enterprises, Inc., David H. Nau and Barbara J. Nau, Respondents.**

No. 15300.

Supreme Court of New Mexico.

Nov. 29, 1984.

Farlow, Simone & Roberts, Randal W. Roberts, Norman F. Weiss, Albuquerque, for petitioner.

Freedman, Boyd & Daniels, David A. Freedman, Albuquerque, for respondents.

## OPINION

STOWERS, Justice.

This Court granted a writ of certiorari to review whether the Bank of New Mexico (the bank) breached the terms of a collection provision in a security agreement. The trial court granted summary judgment in favor of the bank. The Court of Appeals reversed the trial court without deciding the remaining issue of whether the trial court erred in granting summary judgment rather than partial summary judgment. We reverse the Court of Appeals and remand to the Court of Appeals for decision of the remaining issue on appeal.

The issue is whether the bank breached the terms of the security agreement by notifying account debtors to make payments directly to the bank before notifying the borrower of the bank's request for direct payment.

Nau Enterprises, Inc. (Nau), executed a $10,000 promissory note, dated September 13, 1974, with the bank which was due on December 12, 1974. The note was secured by a security agreement in Nau's

accounts receivable. The security agreement states, in pertinent part:

> 6. COLLECTIONS. Bank shall have the right to notify the account debtors obligated on any or all of Borrower's accounts receivable (if covered hereby) to make payment thereof direct to Bank, and to take control of all proceeds of any such accounts receivable, which right Bank may exercise at any time whether or not the Borrower is then in default hereunder or was theretofore making collections thereon. Until such time as Bank elects to exercise such right by mailing to Borrower written notice thereof, Borrower is authorized, as agent of the Bank, to collect and enforce said accounts receivable.

On November 18, 1974, the bank notified Nau's account debtors by mail to make payments directly to the bank. The bank sent written notice of its action to Nau on November 22, 1974. Nau was adjudicated as a bankrupt on April 29, 1975. Two years later this action was filed by Bill J. Sholer (Sholer), the trustee in bankruptcy.

Sholer contends that the conditional phrase in the collection paragraph of the security agreement should be interpreted as a strict limitation on the bank's right to collect and enforce the accounts receivable. We disagree. The paragraph indicates that the conditional phrase, "[u]ntil such time as Bank elects to exercise such right by mailing to Borrower written notice thereof," is a limitation on the borrower's authority as agent of the bank to collect and enforce accounts receivable. *See Restatement (Second) of Agency,* § 107 (1958). The security agreement states that the bank's contractual right to collect and enforce accounts receivable by notifying account debtors is exercisable "at any time whether or not the Borrower * * * was theretofore making collections thereon." "A contractual provision which is clear and unambiguous is conclusive." *Rushing v. Lovelace-Bataan Health Program,* 93 N.M. 168, 169, 598 P.2d 211, 212 (1979). This rule applies here.

Sholer's interpretation of the agreement would render the bank's right to collect and enforce accounts receivable subject to prior notice to the borrower. Sholer's interpretation, if accepted, would conflict with the contractual right to notify account debtors "at any time." This Court will not adopt an interpretation which would create conflict and ambiguity in the terms of the agreement where none previously existed. *See Green River Valley Foundation, Inc. v. Foster,* 78 Wash.2d 245, 473 P.2d 844 (1970).

A contract must be construed as a harmonious whole, and every word or phrase must be given meaning and significance according to its importance in the context of the whole contract. *Brown v. American Bank of Commerce,* 79 N.M. 222, 441 P.2d 751 (1968). A review of the agreement as a whole shows that the conditional phrase was meant to limit the borrower's authority as an agent of the bank. For instance, an additional provision in the collection paragraph states that "[u]pon Bank's demand, Borrower will forthwith upon receipt of all checks, drafts, cash and other remittances * * * in payments or on account of Borrower's accounts receivable (if covered), deposit the same in a special bank account for all loans made hereunder * * *." This provision, read together with the previously quoted collection paragraph, indicates that any notice or demand from the bank is given to the borrower to limit the borrower's authority as an agent under the security agreement, and not to trigger a contractual right of the bank.

The conclusion of the court in *Kersten v. Continental Bank,* 129 Ariz. 44, 628 P.2d 592 (App.1981), a case cited by both Sholer and the bank as support for their respective arguments, is consistent with this Court's conclusion that, in the context of the whole agreement, the bank's contractual right to notify the account debtors was not conditioned upon prior notice to the borrower. In *Kersten* the court dealt with a collections paragraph which was similar to the paragraph in this case, except that the paragraph stated, " '[u]ntil account debtors are otherwise notified, Debtor, *as*

*agent of Bank,* shall make collections on the Collateral.'" *Id.* at 49, 628 P.2d at 597 (emphasis by court). As part of the court's conclusion that the collections paragraph did not require the bank to give notice to the borrower before giving notice to the account debtors, the court also concluded that notice to the borrower was not required in the context of the agreement as a whole and that the bank could exercise its contractual right to request direct payment from the account debtors at any time.

In this case, the security agreement does not require that the bank give notice to the borrower before notifying the account debtors to pay the bank directly. The bank has the right to notify the account debtors at any time. Thus, the bank did not breach the security agreement.

The Court of Appeals is reversed. The case is remanded to the Court of Appeals to decide the remaining issue on appeal.

IT IS SO ORDERED.

RIORDAN, J., and LEON KARELITZ, District Judge, Eighth Judicial District, concur.

SOSA, Senior Justice, dissenting without comment