695 P.2d 832

**BANK OF NEW MEXICO, Petitioner,**

v.

**Bill J. SHOLER, Trustee in Bankruptcy for Nau Enterprises, Inc., David H. Nau and Barbara J. Nau, Respondents.**

**No. 7199.**

Court of Appeals of New Mexico.

Jan. 22, 1985.

Randal W. Roberts, Norman F. Weiss, Farlow, Simone & Roberts, P.A., Albuquerque, New Mexico, for petitioner.

David A. Freedman, Freedman, Boyd & Daniels, P.A., Albuquerque, for respondents.

## OPINION

BIVINS, Judge.

Plaintiffs originally appealed to this court from an order granting summary judgment in favor of defendant bank. Two issues were raised: (1) whether the trial court erred in granting summary judgment in favor of bank; and (2) whether the trial court erred in granting summary judgment rather than partial summary judgment. Because this court reversed on the first issue, we did not reach the second issue. The supreme court granted certiorari, reversed this court and remanded for a decision on the remaining second issue. 691 P.2d 465 (N.M.1984).

The supreme court held that "The bank has the right to notify the account debtors at any time. Thus, the bank did not breach the security agreement." Having so held, it remains to be determined whether plaintiffs have any further cause of action against bank. We hold they do not and affirm the summary judgment in favor of bank.

■ Plaintiffs claim that their first claim for relief alleges not only breach of the security agreement, but also "malicious intent and bad faith on the part of the Bank." Plaintiffs' first claim does allege that "the acts of defendant in sending the demand letters * * * were maliciously intended, fraudulent, oppressive, or committed recklessly, or with a wanton disregard of the rights of Nau Enterprises, Inc."; however, these allegations seek punitive damages, not a claim separate and apart from breach of contract. *See Stewart v. Potter*, 44 N.M. 460, 104 P.2d 736 (1940). Because there can be no recovery for compensatory damages for breach of contract in sending the demand letters, there can be no punitive damages. *See Trigg v. Allemand*, 95 N.M. 128, 619 P.2d 573 (Ct.App. 1980).

To the extent these allegations may be considered as stating a separate ground for relief, plaintiffs still must fail. Plaintiffs rely on language in *Pedi Bares, Inc. v. First National Bank of Neodesha*, 223 Kan. 477, 575 P.2d 507 (1978), to the effect that if a bank proceeds to collect from account debtors, it must proceed in a commercially reasonable manner and act in good faith. The Kansas Supreme Court said that where reasonable men might differ as to that issue, summary judgment is inappropriate. In making these statements, that court discussed portions of the Uniform Commercial Code as adopted in Kansas which correspond to NMSA 1978, Section 55-9-502. *See also* NMSA 1978, § 55-1-203.

■ Assuming, but not deciding, that bad faith or failing to proceed in a commercially reasonable manner may give rise to an independent cause of action, plaintiffs have failed to provide any evidence to overcome bank's prima facie showing of no genuine issue of fact. *Goodman v. Brock*, 83 N.M. 789, 498 P.2d 676 (1972). The interpretation that bank had a right to notify the account debtors without first notifying borrower and that no breach resulted therefrom satisfied bank's burden. It was then up to plaintiffs to come forward and demonstrate the existence of a genuine issue of fact requiring trial. *Goodman v. Brock*. This plaintiffs failed to do. The record is devoid of evidence other than a representative letter sent by bank to the account debtors and this letter does not raise an issue as to bad faith or lack of commercial reasonableness.

The situation here is more like *Kersten v. Continental Bank*, 129 Ariz. 44, 628 P.2d 592 (App.1981), a case cited by the supreme court in its decision in this case as supportive of the result reached. In *Kersten*, as here, the bank had a contractual right to send the demand letters and no evidence was presented that other banks would have done differently under the circumstances.

■ Plaintiffs further argue that their second claim for relief alleges "interference with beneficial contractual relations"

and that summary judgment on the breach of contract claim does not dispose of this additional issue.

With regard to interference with existing contracts, *Wolf v. Perry*, 65 N.M. 457, 339 P.2d 679 (1959) speaks of acts by one "without justification or privilege to do so * * *." *Id.* at 461, 339 P.2d 679. Because the bank here had a contractual right to notify the account debtors, it was privileged to send the letters and therefore no liability could result therefrom. *See Bank of New Mexico v. Freedom Homes, Inc.*, 94 N.M. 532, 612 P.2d 1343 (Ct.App.1980).

█ This court in *M & M Rental Tools, Inc. v. Milchem, Inc.*, 94 N.M. 449, 612 P.2d 241 (Ct.App.1980) drew a distinction between interference with existing contracts and interference with prospective contracts, adopting for the latter Restatement (Second) of Torts § 766B (1979). We said in that case that "Whether the tort is described as improper interference or without privilege, either an improper motive (solely to harm plaintiff), or an improper means is required for liability." *Id.* at 454, 612 P.2d 241 (citation omitted). *See also Kelly v. St. Vincent Hospital*, 692 P.2d 1350 (Ct.App.1984). As with our previous discussion on bad faith, plaintiffs offer no evidence to overcome bank's prima facie showing of no genuine issue of fact. The security agreement authorized bank to send the letters. If a genuine issue as to improper motive or improper means existed, it was up to plaintiffs to come forward and demonstrate its existence.

We note that plaintiffs' complaint also contains a claim of fraudulent misrepresentation of the terms of the security agreement and individual claims by David H. Nau and Barbara J. Nau. Plaintiffs do not contend on appeal that these claims should be reviewed, nor do they present any argument or authority. They have abandoned these issues. *See State v. Padilla*, 88 N.M. 160, 538 P.2d 802 (Ct.App.1975); *Novak v. Dow*, 82 N.M. 30, 474 P.2d 712 (Ct.App. 1970).

Summary judgment in favor of bank is affirmed. Plaintiffs shall pay costs of appeal.

IT IS SO ORDERED.

DONNELLY, C.J. and WOOD, J., concur.