783 P.2d 471

**Jimmy and Elizabeth NEZ, husband and wife, Plaintiffs–Appellants,**

v.

**Max FORNEY, d/b/a Albuquerque Recovery Bureau, and "M" Bank, formerly known as State National Bank, Defendants–Appellees.**

**No. 18228.**

Supreme Court of New Mexico.

Dec. 5, 1989.

Robert Finkelstein, San Juan County Legal Services, Farmington, for plaintiffs-appellants.

Celia F. Rankin, Albuquerque, for defendants-appellees.

OPINION

BACA, Justice.

Plaintiffs, Jimmy and Elizabeth Nez (Nez), appeal the district court's order granting summary judgment in favor of defendants M Bank and Max Forney. M Bank is a Texas corporation with its principal place of business in El Paso, Texas. Max Forney does business as Albuquerque Recovery Bureau. Nez raises two issues on appeal: (1) whether the district court should apply the New Mexico or Texas statutes of limitation in the instant case; (2) if the Texas statutes of limitation are applicable, whether the two-year or four-year statute of limitations should be used. We reverse.

In 1982, Nez entered into a retail installment contract with Kemp Ford, Inc., in El Paso, Texas, to purchase a Ford truck and listed an El Paso address below the buyer's signature line. Kemp Ford assigned the contract to M Bank. This contract contained a clause stating: "This contract shall be governed by the laws of the State of Texas." Subsequently, Nez moved to New Mexico and resided within the territorial jurisdiction of the Navajo Nation. On September 25, 1985, Bradford Clement, an agent of M Bank, repossessed Nez' truck from their house on the Navajo reservation. M Bank denies that Bradford Clement was its agent.

On April 26, 1988, approximately two and one-half years after the repossession, Nez filed a complaint in district court alleging

conversion, wrongful repossession, an unfair trade practice violation, and violation of Navajo Tribal Code Section 607. Nez sought actual and punitive damages under the conversion count; various statutory damages under NMSA 1978, Sections 55–9–502 and 55–9–504 to 55–9–507 (Repl.Pamp. 1987) of the Uniform Commercial Code; $300 or three times actual damages under NMSA 1978, Section 57–12–10 (Repl.Pamp. 1987) of the Unfair Practices Act; and statutory damages under the Navajo Tribal Code Section 609. Defendants then moved for summary judgment against Nez with a supporting brief. In their brief, defendants argued summary judgment was proper on all claims because Nez brought suit after the time expired under a Texas statute of limitations. Defendants also asserted that Nez could not base his claims on violations of New Mexico law because New Mexico had no connection with the transaction at issue. Defendants contended that Texas law should apply, and the parties' choice of law provision should be honored. We do not reach this second argument. This opinion only turns on the question of the applicability of the statute of limitations. The court granted defendants' motion, and Nez appealed.

We first address defendants' argument in its brief-in-chief that, as the parties chose to be governed by Texas substantive and remedial law pursuant to the choice of law provision, application of Texas statutes of limitation barring Nez' claims was appropriate. Nez correctly asserts that we have viewed statutes of limitation as procedural for choice of law purposes. In *Sierra Life Ins. Co. v. First National Life Ins. Co.*, 85 N.M. 409, 512 P.2d 1245 (1973), plaintiff Sierra Life, a New Mexico corporation, brought an action for breach of contract or, alternatively, for specific performance, against defendant First National, an Arizona corporation, in a New Mexico district court. First National argued to the trial court that Arizona's four-year statute of limitations was applicable, and therefore, plaintiff's claims were barred. On appeal, we ruled that under New Mexico law statutes of limitation are procedural and that the law of the forum governs

matters of procedure. Thus, we held that plaintiff's claims were not barred, applying a six-year New Mexico statute of limitations. *See also Slade v. Slade,* 81 N.M. 462, 468 P.2d 627 (1970) (statutes of limitation are not substantive in nature, and the law favors the right of action, not the right of limitation). Texas courts also view statutes of limitation as procedural for choice of law purposes. *See, e.g., Los Angeles Airways, Inc. v. Lummis,* 603 S.W.2d 246, 248 (Tex.Civ.App.1980), *cert. denied,* 455 U.S. 988, 102 S.Ct. 1610, 71 L.Ed.2d 847 (1982). Finally, our holdings are consistent with a recent Supreme Court opinion, *Sun Oil Co. v. Wortman,* 486 U.S. 717, 108 S.Ct. 2117, 100 L.Ed.2d 743 (1988). In *Sun Oil,* the Supreme Court held that traditionally statutes of limitation are procedural; therefore, a Kansas forum did not violate the Due Process and Full Faith and Credit clauses by applying its own longer statute of limitations to a claim governed by the substantive law of other states.

Defendants also assert that New Mexico recognizes parties may include remedial law in their choice of law agreement, citing to *Jim v. CIT Financial Services Corp.,* 87 N.M. 362, 533 P.2d 751 (1975). We faced facts similar to the instant case in *Jim.* Jim, a Navajo, purchased a truck in Farmington, New Mexico, and CIT financed the purchase. Later, Jim defaulted on his payments. While Jim resided on the Navajo reservation in New Mexico, two agents of CIT repossessed the truck on the reservation without Jim's written consent. Subsequently, Jim brought suit in the district court for violations of Navajo Tribal Code Sections 307 and 309 (now Sections 607 and 609). CIT responded, filing a motion for failure to state a claim upon which relief can be granted, which was apparently based on the theory that New Mexico, not Navajo law, applied and under NMSA 1953, Section 50A–9–503 of the Uniform Commercial Code, CIT had the right to self help repossession without breach of the peace. The court, treating the defense as a motion to dismiss, dismissed the case with prejudice.

We held in *Jim* that parties can choose by contract a law to govern the performance and enforcement of contractual arrangements between them, quoting from NMSA 1953, Section 50A–1–105 of the Uniform Commercial Code for support. Unfortunately, this court did not have either a copy of the conditional sales contract between Jim and CIT before it, or any other evidence indicating the parties' choice as to the applicable law governing the contract. We, therefore, held the court erred in dismissing Jim's complaint and remanded with the following directions:

> Perhaps the contract will conclusively answer the question as to whether the parties made a choice, not only as to the law governing the validity and interpretation of the contract, but also as to that governing the remedies for an admitted breach of an admittedly valid contract. Failing such provision in the contract, it is only then that a choice of law analysis, would come into play.

*Id.* at 364, 533 P.2d at 753.

We recognized in *Jim* that parties may include a time to sue provision in a contract. In other words, parties can put their own statute of limitations period in a contract, and our courts will honor it. *See Electric Gin Co. v. Firemen's Fund Ins. Co.*, 39 N.M. 73, 39 P.2d 1024 (1935) (fire insurance policy contained a provision that a suit must be commenced within twelve months after loss, which this court upheld); *Turner v. New Brunswick Fire Ins. Co.*, 45 N.M. 126, 112 P.2d 511 (1941) (insurance policy provision stipulating a one-year limitation period is not void when it shortens a general six-year contract statute of limitations period); *Wiseman v. Arrow Freightways, Inc.*, 89 N.M. 392, 552 P.2d 1240 (Ct.App.), *cert. denied*, 90 N.M. 9, 558 P.2d 621 (1976) (trial court erred in failing to give effect to a time to sue provision found in an insurance policy). However, in *Sandoval v. Valdez*, 91 N.M. 705, 580 P.2d 131 (Ct.App.1978), our court of appeals held that a one-year limitation period in an insurance contract was not controlling when it conflicted with New Mexico public policy set forth in our uninsured motorist statute. Therefore, in *Sandoval*, without deciding if

the applicable time limitation should be based on the personal injury or contract statute of limitations, the court of appeals concluded that the plaintiff's personal injury suit was not barred.

Here, we observe that the choice of law provision only stated that the retail installment contract would be governed by Texas law. It failed, however, to include a statute of limitations/time to sue provision. In line with *Jim* and time to sue cases, we believe a choice of law provision *must* specifically describe remedial limitations, if such aspects are to be covered in addition to substantive aspects of the contract. The choice of law provision in the instant case should be limited only to substantive matters, such as contractual interpretation. We conclude that the district court erred as a matter of law in not applying a New Mexico statute of limitations here, because New Mexico courts should apply the forum state's statute of limitations.

Having found that the district court should have applied a New Mexico statute of limitations, we must determine which statute is appropriate. This action is primarily one for wrongful repossession, which arises from plaintiffs' and defendants' execution of a security agreement creating a security interest in the sellers. The Nezes granted sellers a purchase money security interest. In *Bank of New Mexico v. Sholer*, 102 N.M. 78, 691 P.2d 465 (1984), we implicitly interpreted a security agreement to be a contract. *See First City Bank–Farmers Branch, Texas v. Guex*, 677 S.W.2d 25 (Tex.1984); *Texas Nat'l Bank v. Karnes*, 717 S.W.2d 901 (Tex.1986) (actions seeking recovery for wrongful repossession and other repossession-related U.C.C. violations sound in contract). Nez, in his docketing statement and brief-in-chief, argued that the New Mexico contractual statute of limitations, NMSA 1978, Section 37–1–3 or 37–1–4 should be applied. Because we find that Nez brought claims within the applicable New Mexico statute of limitations period under either statute, we do not decide which statute the district court should have applied. We simply hold that Nez' claims were not barred under

either statute. We, therefore, do not reach the issue of which Texas statute of limitations is applicable here.

IT IS SO ORDERED.

RANSOM, J., concurs.

MONTGOMERY, J., specially concurs.

MONTGOMERY, Justice (specially concurring).

I concur in the result in this case as set out in the plurality opinion, but I do not concur in all of the rationale.

The elusiveness of the distinction between "substance" and "procedure" is well known, especially as that distinction relates to statutes of limitations. *Sun Oil*, as the plurality opinion points out, stands for the notion that statutes of limitations are often viewed as "procedural" as a matter of tradition. But *Sun Oil* more starkly stands for the proposition that much confusion exists because statutes of limitations can be *both* procedural *and* substantive, depending upon context. The Supreme Court noted that whether or not a statute of limitations is substantive or procedural depends upon whether the question is being asked for conflict of laws, full faith and credit or *Erie* doctrine purposes. Justice Scalia said that, "[e]xcept at the extremes, the terms 'substance' and 'procedure' precisely describe very little except a dichotomy, and what they mean in a particular context is largely determined by the purposes for which the dichotomy is drawn." *Sun Oil*, 486 U.S. 717, 726, 108 S.Ct. 2117, 2124. In his concurrence, Justice Brennan amplified on this chameleon-like dichotomy.

> Statutes of limitations ... defy characterization as either purely procedural or purely substantive. The statute of limitations a State enacts represents a balance between, on the one hand, its substantive interest in vindicating substantive claims and, on the other hand, a combination of its procedural interest in freeing its courts from adjudicating stale claims and its substantive interest in giving individuals repose from ancient breaches of law. A State that has enacted a particular limitations period has simply determined that after that period the interest vindicating claims becomes outweighed by the combination of the interests in repose and avoiding stale claims. One cannot neatly categorize this complicated temporal balance as either procedural or substantive.

*Id.*, 486 U.S. at 736, 108 S.Ct. at 2129.

We need not and should not rely on the tenuous difference between substance and procedure to decide this case. In an appropriate case, a foreign state's statute of limitations might very well be applied to a claim asserted in this forum, even though statutes of limitations are generally regarded as "remedial."

To illustrate: It is undisputed that Mr. and Mrs. Nez were residents of El Paso at the time they purchased the truck. If they had remained residents of El Paso and defendants had repossessed the truck during a casual visit by the Nezes to some friends in San Juan County, and if Mr. and Mrs. Nez had thereafter brought suit in San Juan County against defendant M Bank for breach of contract, we might well hold that the Texas statute of limitations was applicable to this breach-of-contract claim. In that case New Mexico would have very little relation to the parties' dispute; the lawsuit would be between residents of Texas suing for breach of a Texas contract.

Thus, I disagree with the statement in the plurality opinion that a choice-of-law provision *must* specifically describe remedial limitations and that, absent such a specific reference to remedial matters, the choice-of-law provision relates only to substantive matters such as interpretation of the contract. I see no reason why the contract must spell out in detail everything covered by the provision and why a simple statement such as "This contract shall be governed by the laws of the State of Texas" should not, in an appropriate case, be given effect and applied to all disputes based on the contract. This would include disputes about the validity and interpretation of the contract, as well as questions concerning its performance or breach, and might even include questions concerning the statute of limitations applicable to a claim arising from a breach.

Here, however, Mr. and Mrs. Nez were residents of New Mexico at the time the truck was repossessed and when suit was brought. They sued for conversion and for violations of the New Mexico Uniform Commercial Code and the New Mexico Unfair Practices Act. (In addition, they sued under the Navajo Tribal Code for wrongful repossession; but we need not, on this appeal, consider any questions of choice of law which might arise in applying Navajo law in a New Mexico court.) In other words, New Mexico residents sued in a New Mexico court for violations of New Mexico law. In these circumstances I see no reason not to give them the benefit of the New Mexico statute of limitations on their claims, assuming it is longer than the corresponding Texas statute.

Mr. and Mrs. Nez also sued for breach of contract, and this might raise the question whether the New Mexico or the Texas statute of limitations on claims for breach of contract is applicable. However, it appears that the Texas limitations period for actions sounding in contract is four years (Tex.Civ.Prac. & Rem.Code Ann. § 16.004 (Vernon 1986)), whereas the two-year period relied on by defendants and the district court applies to the torts of trespass, conversion, taking or detaining of personal property of another, personal injury, forcible entry and detainer, and forcible detainer (*id.* § 16.003(a)). Thus, even if the Texas statute of limitations for breach of contract applies, the Nez' claims for breach of contract were timely filed.

Accordingly, focusing on plaintiff's claims for various torts (injuries to property) under New Mexico law, I would hold that the New Mexico four-year statute of limitations (NMSA 1978, § 37–1–4) applies. Focusing on plaintiffs' breach-of-contract claims, I conclude that those claims were timely filed under either the Texas statute or New Mexico's six-year statute of limitations (NMSA 1978, § 37–1–3). I therefore agree that the summary judgment below was erroneous.